## PRICE v. MAHONEY, Sheriff.

1. **Fraudulent sale: EVIDENCE.** In the investigation of the character of a sale alleged to be fraudulent, a wide latitude is allowed in the admission of testimony tending to show the fraud, and great breadth of inquiry into the acts of the parties concerned, and the circumstances attending them. The facts which were in the present case held admissible, stated by BECK, J.

2. **Instruction: TENDING TO MISLEAD.** An instruction which has a tendency to, and probably did, mislead the jury, will be held erroneous, although when taken together with the other instructions they probably embody the law.

### *Appeal from Dubuque District Court.*

### WEDNESDAY, JUNE 3.

THIS cause was submitted in October, 1867, at the argument term at Davenport, and an opinion then filed affirming the judgment of the District Court. A rehearing was allowed at the December Term, 1867, and thereon it was again submitted.

*Shiras, Ballou & Van Dusee* for the appellant.

*D. E. Lyon* for the appellee.

BECK, J. — Upon a reconsideration of this cause, after a very able and thorough argument of the respective counsel of the parties, we are constrained to change the ruling of the opinion heretofore filed upon some of the points involved.

I. During the progress of the trial below, the father of plaintiff, Price, was introduced as a witness. It had appeared in evidence that he had furnished his son with means to make the cash payments for the goods bought, and had executed his note for a part of the deferred payments. Defendant pro-

1. FRAUDULENT SALE: evidence.

pounded to him the following question: "Did you receive from the Benhams, about the time of this transaction, a mortgage on any property? If so, state when and on what property." To this question plaintiffs objected, because it was irrelevant, and the objection was sustained. Defendant then proposed to prove by the same witness, "that at or about the time of the sale to plaintiffs by Benhams, the Benhams executed to witness a mortgage on all their other property, except their homesteads." An objection to the introduction of this evidence on the ground of irrelevancy was sustained by the court. Defendant also offered in evidence the record of a mortgage executed by the Benhams, July 11, 1866, to the said father of one of the plaintiffs, upon one hundred and thirty acres of land, to secure the payment of $800, which was not permitted to go to the jury for the same reasons that the other evidence above stated was excluded. In the opinion heretofore rendered, the evidence offered by defendant seems to have been mistaken, or not fully stated. It was, most certainly, competent and relevant. It will readily be seen that the evidence proposed was within the limits, and by no means upon the verge, of the great latitude allowed in cases of this kind, where the character of a sale is in question, and claimed to be fraudulent as to creditors. The fact that all of the property of the Benhams, liable upon execution, was conveyed by mortgage about the time of the alleged fraudulent sale, of itself was not incompetent, for it must be conceded that such a transaction is evidence of fraud, but, of course, capable of explanation, and, probably, of but inconsiderable weight. But when taken in connection with the fact that the mortgage was executed to one, whose notes for an amount greater than the consideration therein named had been given to them but three or four days before, as a part

consideration for the goods which, it is alleged, were fraudulently sold, and which, for aught that appears in the evidence, they still held, it is a circumstance, when unexplained, not only relevant, but of some weight in determining the question of the *bona fides* of the parties concerned. Great breadth of inquiry into the acts of parties concerned, and the circumstances attending them, and even declarations after the alleged fraudulent transactions, are admissible to show the intent of those charged with *mala fides*. See *McNorton* v. *Akers, ante.*

We are united in the opinion that the evidence offered by defendant ought to have been admitted.

II. The instructions, taken together, probably embody the law, but the second instruction, given on motion of plaintiffs, and the fourth and fifth, asked for by defendant, as altered by the court, are so framed that they might have had the effect to mislead the jury.

2. INSTRUCTIONS: tending to mislead.

As doubtless understood by the court, they may be correct, but it seems highly probable that they were not so interpreted by the jury, who thereby may have been misled.

Reversed.