JOSEPH MAY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. REASONABLE DOUBT—*what amounts to.* A reasonable doubt, beyond which the jury should be satisfied in a criminal case before finding the accused guilty, is one arising from a candid and impartial investigation of all the evidence, and such as in the graver transactions of life would cause a reasonable and prudent man to hesitate and pause.

2. EVIDENCE—*of its sufficiency.* In a criminal prosecution where a question arose as to the time when the warrant for the arrest of the accused was issued, the testimony of a police officer in respect thereto given months after the event, the witness undertaking to state the time of issuing the warrant without its being produced and without having recently ascertained the time by any reference to the record of the proceedings, was regarded as of too uncertain a character to be relied upon to establish the guilt of the prisoner.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. JOHN LYLE KING, for the plaintiff in error.

Mr. WASHINGTON BUSHNELL, Attorney General, and Mr. CHARLES H. REED, State's Attorney, for the people.

Per CURIAM: This was an indictment for receiving stolen goods, knowing them to have been stolen. In order to a conviction, it was necessary for the prosecution to satisfy the jury beyond a reasonable doubt that the accused knew the goods had been stolen at the time he received them. A reasonable doubt is one arising from a candid and impartial investigation of all the evidence, and such as, in the graver transactions of life, would cause a reasonable and prudent man to hesitate and pause. *Miller* v. *The People*, 39 Ill. 457.

The goods were stolen on the 15th of May, 1870. The evidence of DeYoung, who was in the employ of the accused at the time the latter received the goods in pawn, gives a full account of the time and manner of receiving them, and if his statement is true, it repels any presumption of guilty knowledge.

The only evidence to countervail the effect of DeYoung's testimony consists in the statements of a policeman as to the time of issuing a warrant, and a remark made by the accused that he brought the clock with him from State street, and had had it some time. It appears that the accused had two clocks about which inquiries had been made—one a bronze clock and the other marble. The former was the one in question. DeYoung testifies that it was the marble clock that the accused said he brought from State street. But the policeman applies the remark to the bronze clock, in which he might easily have been mistaken. The effect of the evidence of the officer as to this account of where accused got the clock, must have been the principal evidence upon which the jury relied, and yet it

rested upon such a foundation as would, in the graver trans-
actions of life, cause a reasonable and prudent man to hesitate
and pause.

· · The only other circumstance to overthrow DeYoung's evi-
dence is the statement of the policeman as to when the warrant
was issued.  He was testifying months after the event, and
yet he undertakes to state the time of issuing the warrant,
without its being produced, or the witness having recently
ascertained the time by any reference to the record of the pro-
ceedings.   To impose upon a man the disgrace of a conviction,
and deprive him of his liberty, upon evidence of so unreliable
a character, does not well comport with the safeguards which
the law throws about the accused in criminal prosecutions.

We think the evidence of guilty knowledge not satisfactory,
and that the court below should have granted a new trial.

For the refusal so to do, the judgment of the court below
is reversed and the cause remanded.

*Judgment reversed.*