| | |
|---|---|
| 2 | 467 |
| 2 | 540 |
| 6 | 332 |
| 6 | 333 |
| 6 | 334 |
| 6 | 335 |
| 6 | 338 |
| 6 | 339 |
| 6 | 340 |
| 8 | 105 |
| 9 | 13 |
| 10 | 217 |
| 10 | 218 |
| 2 | 467 |
| 30 | 522 |

TERRITORY, respondent, *v.* PERKINS, appellant.

CRIMINAL LAW — *continuance.* The provisions of the Civil Practice Act relating to the postponement of the trial of civil actions are applicable to criminal cases.

SAME — *admissions by district attorney.* The district attorney has the right to admit, in behalf of the Territory, that absent witnesses will testify to the facts stated in the affidavit of the defendant for a continuance.

CONTINUANCE OF CRIMINAL CASE — *discretion.* The judgment in a criminal case will not be reversed for the refusal of the court to postpone the trial, if there has not been an abuse of judicial discretion.

EVIDENCE — *disposition of injured party in criminal case.* Upon the trial of an indictment, charging the commission of an assault with intent to commit murder, when the testimony is direct and the defendant and injured party are witnesses, evidence that the injured party is a vicious and revengeful man, and in the habit of carrying and drawing a pistol and getting the drop on his adversary, is not admissible.

ASSAULT WITH INTENT TO COMMIT MURDER — *form of verdict.* The statute does not divide into degrees the crime of an assault with intent to commit murder, and the following verdict, under an indictment charging this offense, is sufficient: "We, the jury, find the defendant guilty, as charged in the indictment."

*Appeal from Third District, Lewis and Clarke County.*

THE offense described in the indictment was committed in Fort Benton, Choteau county. The case was tried before WADE, J., in Lewis and Clarke county, to which Choteau county is attached for judicial purposes.

JOHNSTON & TOOLE and SHOBER & LOWRY, for appellant.

The court erred in overruling defendant's motion for a continuance, upon the agreement of the district attorney, that he would admit that Marshall, if present, would testify to the facts in the affidavit. *People* v. *Diaz*, 6 Cal. 249; *People* v. *Vermilyea*, 7 Cow. 383; *Brill* v. *Lord*, 14 Johns. 341; *People* v. *Kohle*, 4 Cal. 198; *Miller* v. *State*, 9 Ind. 340; *Wheeler* v. *State*, 8 id. 114.

The verdict is insufficient. The jury did not find the degree of the offense as contemplated by the statute. *Territory* v. *Stears*, *ante*, 324; *State* v. *Reddick*, 7 Kan. 154; *State* v. *Moran*, 7 Iowa, 236; *State* v. *Redman*, 17 id. 329; *McGee* v. *State*, 8 Mo. 495; *State* v. *Gates*, 20 id. 400; *People* v. *March*, 6 Cal. 543.

The appellant used great diligence to procure his testimony. Reasonable time should have been given to enable him to procure the attendance of his witnesses. *Ogden* v. *Payne*, 5 Cow. 15; *Mercer* v. *Sayre*, 7 Johns. 306.

The provisions of the Civil Practice Act relating to admissions, that a witness, if present, would testify to certain facts, are applicable only when the Territory seeks a continuance. They do not apply when the defendant makes the application.

In all criminal prosecutions, the accused is entitled to compulsory process to obtain witnesses in his favor. Sixth Amend. U. S. Const.; *Webster* v. *Reid*, 11 How. 437. This amendment in this Territory is of as much import as if it was embodied in the Organic Act. 2 Sto. on Const., §§ 1782, 1789; id., § 1325; *Kleinschmidt* v. *Dunphy*, 1 Mon. 118.

The court erred in admitting testimony to impeach Marshall.

J. K. TOOLE, District Attorney, Third District, for respondent.

The affidavit of appellant for continuance was insufficient. The threats were not communicated to defendant before the affray. *People* v. *Scoggins*, 37 Cal. 676. The admission of the affidavit by the district attorney removed the cause of continuance, if any existed. *Thompson* v. *State*, 5 Kan. 161; *State* v. *Dickson*, 6 id. 218; *Comerford* v. *State*, 23 Ohio St. 599. The court could refuse a continuance in its discretion.

The verdict was good and in accordance with the instructions asked for by defendant. Under the indictment, there could not be a conviction of different degrees, as there are none under .the statute. There is but one punishment for the crime charged, and there is no reason for ascertaining the degrees.

If the court is satisfied that no other verdict could have been found, even if the testimony of the absent witness had been given, the judgment should be affirmed. *Adell* v. *State*, 34 Ind. 543.

JOHNSTON & TOOLE and SHOBER & LOWRY, for appellant in reply.

The evidence of the bloodthirsty character of Solomon, as well as his reputation for truth, was material evidence for the appellant.    Rosc. Cr. Ev. 95 ; 1 Archb. 901 ; 1 Bish. Cr. Law, 382.

When good cause for a continuance exists, there is no precedent for compelling a trial in criminal cases upon the admission of the district attorney, except by express statute. We have no such statute. The only question is this : Has the party applying for a continuance made out good grounds therefor ?

The appellant and Solomon were both armed with deadly weapons, and the evidence of the character and reputation of Solomon is material to show the jury who committed the first assault. The accused might act under the reasonable belief that he must slay Solomon to save himself from being murdered. *Stokes* v. *State*, 53 N. Y. 164.

BLAKE, J. The appellant has been indicted for assault upon M. Solomon with intent to commit murder, and convicted and sentenced to be confined in the Territorial prison. The court overruled the motions for a new trial and in arrest of the judgment, and .Perkins appealed. We will examine some of the errors which have been assigned and are discussed in the briefs of the counsel for the. appellant.

It is claimed that the court erred in denying the motion of the appellant for a continuance of the case until the succeeding term. The alleged offense was committed February 12, 1875, the indictment was filed May 5, 1875, and the appellant obtained, on the

same day, subpœnas for witnesses.   The motion and affidavit for a postponement of the trial were filed May 12, 1875, in order to enable the appellant to procure witnesses to prove the following facts : That the appellant had been informed by J. Marshall that Solomon had threatened to take the life of the appellant, and the appellant had better be on his guard lest he should do so; that Solomon was a vicious and revengeful man, and in the habit of carrying and drawing a pistol and getting the "drop" on his adversary; and that the reputation of Solomon for truth and veracity was bad among his neighbors.   The witnesses lived about 120 or 140 miles from the place of the trial.   It was shown by an affidavit that Marshall was then absent in Idaho Territory and beyond the process of the court.   The district attorney announced, May 13, 1875, that he was ready to proceed to the trial of the case, and would admit that Marshall, if present, would testify to the facts set forth in the affidavit, subject to impeachment and contradiction.   A jury was impaneled, and rendered a verdict in the action, May 17, 1875.

The statute provides that the court may grant a continuance for "good cause," and that "any cause which would be considered a good one for a continuance in a civil case shall be considered sufficient in a criminal action."   Crim. Pr. Act, § 270.   The party who desires the continuance must file his affidavit, "showing good cause therefor."   § 269.   A motion to postpone the trial of a civil case, on account of the absence of evidence, must be made upon affidavits showing that the testimony is material and that due diligence has been used to procure it.   If the adverse party admits that the evidence, which the moving party expects to obtain, be considered as actually given on the trial, "the trial shall not be postponed."   Civ. Pr. Act, § 194.   It will be seen that the legislative assembly has made these provisions of the Civil Practice Act applicable to criminal proceedings.   After the district attorney had admitted that Marshall would testify to the facts stated in the affidavit of the appellant, the court could not postpone the trial for the purpose of securing his attendance as a witness.   There would not have been a "good cause" for the continuance of a civil case under the circumstances, and hence the cause alleged for the postponement of this criminal action

must be considered insufficient. The counsel for the appellant have cited authorities in support of the proposition that the court had no right to refuse to continue this action, and that the admission of the district attorney has no legal weight. They are not applicable upon this appeal, because the ruling complained of is regulated by the laws of the Territory.

There are other facts which appear in the affidavit of the appellant, and are not affected by the action of the district attorney and must be examined. The granting or refusing of a motion for the continuance of a criminal case rests in the sound discretion of the court below, and the judgment will not be reversed unless there has been an abuse of judicial discretion. *Nevada* v. *Chapman*, 6 Nev. 320; *Nevada* v. *Rosemurgey*, 9 id. 308; *People* v. *Williams*, 24 Cal. 38, and cases there cited; *People* v. *Jocelyn*, 29 id. 563; *People* v. *Mortimer*, 46 id. 120. Mr. Bishop says that "the motion for a continuance is addressed to the judicial discretion of the court, and it is of the class which are not usually revised by a superior tribunal; though in some of our States the decision on such a motion will be adjudged to have been erroneous, when a strong case is made out." "In general the rules governing a question of this sort are the same in criminal cases as in civil." 1 Bish. Cr. Pr., § 1020. In *People* v. *Mortimer*, *supra*, the court holds that it is not an abuse of judicial discretion to deny the application for a continuance, if the circumstances tend to cast suspicion on the good faith of the defendant and induce the belief that he is acting for delay. This is not a new question in the Territory, and this court has decided that the refusal to grant a continuance will not be reviewed unless there has been an abuse of judicial discretion. *Black* v. *Appolonio*, 1 Mon. 345; *Wormall* v. *Reins*, id. 630.

We do not know the reasons which governed the court in its action upon the motion before us and consider only one question. Did the court abuse its discretion in this ruling? Was the evidence sought to be obtained material to the appellant? We have already determined that there was no error in the ruling upon the affidavit relating to the testimony of Marshall under the statute, but the evidence of the appellant upon the trial vindicates the action of the court. He testified upon his cross-examination as

follows : " I paid no attention whatever to what Marshall said:
It never occurred to me until after the shooting." The appellant
testified further that the alleged threats were communicated to him
by Marshall more than a year before the commission of the alleged
assault. This testimony shows conclusively that the evidence of
Marshall was immaterial.

The evidence respecting the revengeful disposition of Solomon
is incompetent in this action. In some cases of homicide, when
" there is no direct testimony as to what was done, but the whole
or the principal evidence is circumstantial," similar evidence is ad-
mitted in the courts of a number of the States. 2 Bish. Cr.
Pr., §§ 614, 615. But in other States a different rule prevails.
In *Commonwealth* v. *Hilliard,* 2 Gray, 294, the court decides
that evidence that the deceased was a quarrelsome, fighting, vin-
dictive and brutal man of great strength, is too remote and uncer-
tain to have any legitimate bearing on the question at issue. The
appellant is not placed within the principle stated in the authori-
ties. The appellant and the injured party, Solomon, are upon the
same footing ; they are competent witnesses and testified to the facts
of the alleged offense ; their evidence is direct and not circum-
stantial, and the jury heard their testimony and were the judges
of its credibility. If the foregoing evidence had been offered at
the trial, the court would have overruled it as improper and there-
fore refused to postpone the trial to obtain the same.

The court did not abuse its discretion in refusing to continue
the cause to enable the appellant to procure the witnesses to im-
peach the reputation of Solomon for truth and veracity. The
record shows that the testimony of Solomon is corroborated by
that of the appellant and the other witnesses. If we disregard
the testimony of Solomon, the verdict cannot be disturbed because
it is supported by all the evidence.

The appellant claims that the verdict is fatally defective, and
that the degree of the crime of which the appellant has been con-
victed should be designated by the jury. The following verdict
was returned : " We the jury find the defendant guilty as charged
in the indictment, leaving the punishment to be fixed by the court."
The indictment is based upon the 56th section of the act con-
cerning crimes and punishments, providing that " an assault

with intent to commit murder　*　*　*　*　shall subject the offender," etc.　The appellant relies upon the case of *The Terri-tory* v. *Stears, ante,* 324, and other authorities upholding the doctrine stated therein.　They are applicable to trials for the crime of mur-der.　Our statute requires the jury to designate in the verdict the degree of murder of which the defendant is found guilty, and fixes different punishments for the offenses of murder in the first degree and murder in the second degree.　Crim. Laws, §§ 21, 22, 23, 24, 25 and 102.　The crime of an assault with intent to commit murder is not divided into degrees and the jury is not compelled to designate any degree in the verdict.　The indict-ment states correctly the facts constituting the offense, and a per-son who commits the acts described therein, is guilty of the stat-utory crime of an assault with intent to commit murder.　"A general verdict of guilty convicts the prisoner of all matters which are well charged against him in the indictment."　2 Bish. Cr. Pr., § 627.　In an indictment for the crime of murder in States, in which the offense is not divided into degrees, and under which a party may be convicted of manslaughter, a verdict in these words is sufficient: "We, the jury, find the defendant guilty."　Judg-ment can be entered upon this verdict and the defendant may be punished for the crime of murder.　*People* v. *March,* 6 Cal. 543 ; *Smith* v. *People,* 1 Col. 121.　There is no error in the form of the verdict in the case at bar.

The appellant criticises some of the instructions, but does not cite an authority pointing out any error of law.　We think that the instructions as a whole are correct, and that the appellant has been convicted according to law and the evidence.

*Judgment affirmed.*