TERRITORY OF MONTANA, respondent, *v.* OWINGS, appellant.

CRIMINAL LAW — *reasonable doubt — contradictory instructions.* A reasonable doubt is such an one, that before a juror should find a defendant guilty of crime, he ought to be so convinced of his guilt by the evidence as that he would be willing to act upon such conviction in matters of the highest interest and greatest concern to himself. So long as moral certainty is not reached, a reasonable doubt may be said to remain on the mind. This degree of moral certainty is required in criminal cases. Instructions admitting a lower degree of doubt, or that are contradictory and irreconcilable, furnish good ground for reversal.

*Appeal from Second District, Deer Lodge County.*

SHARP & NAPTON, for appellants.

The indictment should specify with certainty upon whom the offense was committed. 19 Ala. 540; U. S. Dig. Crim. Law, 650, § 21.

In case of a female over ten years of age there should be evidence of resistance. *People* v. *Morrison,* 1 Park. Crim. Law, 644; *People* v. *Abbott,* 19 Wend. 192; *Walter* v. *People,* 50 Barb. 144.

The court erred in instructing the jury as to what constitutes a reasonable doubt. 11 Nev. 343.

The verdict did not justify the judgment. Bish. on Stat. Cr., § 491; 11 Ga. 225; *Com.* v. *Cooper,* 15 Mass. 186; 1 Chitty's Crim. Law, 639; *Territory* v. *Stears,* 2 Mon. 324.

The instruction of the court was not based upon the statutory definition of the crime; "without her consent," is not the same as "against her will." 2 Bish. Cr. Law, § 1072, and notes at bottom of page, also at bottom of page 1081.

A. E. MAYHEW, for respondent. No brief filed.

WADE, C. J. Indictment for rape; trial by jury; verdict for plaintiff; judgment on the verdict; motion for new trial overruled and appeal to this court.

The only question we will consider in this case arises upon the instructions given by the court to the jury upon the subject of "reasonable doubt." The instruction given by the court at the instance of the defendant is as follows: "A reasonable doubt is such a doubt existing in a person's mind as that he will not act upon it in matters of the highest and greatest importance."

The instruction given by the court on its own motion upon this subject, is as follows: "A reasonable doubt is not every doubt that may enter into the mind of a juror, but such a doubt as would influence a man in his own important transactions. It is such a doubt as would force a juror to say I am not fully satisfied that the guilt of the defendant has been established by the evidence."

The meaning of the first instruction is, that before a juror

should find a defendant guilty of crime, he ought to be so convinced of his guilt by the evidence, as that he would be willing to *act* upon such conviction in matters of the highest interest and greatest concern to *himself*. When so convinced he is morally certain. So long as moral certainty is not reached, a reasonable doubt may be said to remain on the mind. When all reasonable doubt is removed, moral certainty follows. Burrill on Cir. Ev. 200. This is the rule of certainty required in criminal cases. • The second instruction provides a different rule and lowers the standard of certainty required. It authorizes the jury to convict when so convinced of the defendant's guilt, as that the jurors would act upon a conviction of like character and force in their own important matters. This does not reach the degree of certainty required. This is not a moral certainty, and only such certainty excludes a reasonable doubt.

The degrees of certainty required by the two instructions are contradictory and irreconcilable, and we have no means of knowing which one the jurors followed in finding their verdict.

It is well settled that where the instructions to the jury taken together correctly state the law, the judgment will not be reversed because parts of them taken separately might be erroneous. But where the instructions set up for the jury contradictory rules for their guidance which are unexplained, and following either of which would or might lead to different results, then the instructions are inherently defective and calculated to confuse and mislead the jury. *Price* v. *Mahoney*, 24 Iowa, 582; *People* v. *Campbell*, 30 Cal. 312; *Hamilton* v. *State Bank*, 22 Iowa, 306; *Bradley* v. *The State*, 31 Ind. 492; *Kirkland* v. *The State*, 43 id. 146; *Pendleton St. R. Co.* v. *Stallman*, 22 Ohio St. 1.

In the case of *The Territory* v. *McAndrews*, decided at this term, we have discussed the meaning of the words "reasonable doubt," as used and applied in criminal cases, and the degree of certainty required to compel a conviction. It is unnecessary to repeat what is therein said, or to again cite the authorities. There is no other error appearing in the record. The judgment is reversed and the cause remanded for a new trial.

*Judgment reversed.*