JAMES CONNAGHAN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. REASONABLE DOUBT—*conflict of evidence does not necessarily produce.* It does not necessarily follow that the jury should entertain a reasonable doubt in a criminal case because there is a conflict in the evidence.

2. Where a portion of the witnesses in a criminal case testify to a state of facts, which, if true, makes out a case against the defendant, and other witnesses testify to a contrary state of facts, it is for the jury to determine, from

all the evidence, which speak the truth, and if the jury give credit to the witnesses testifying to the guilty conduct of the defendant, when it is considered and compared with the testimony of the other witnesses, it is not perceived how they could entertain a reasonable and well founded doubt in regard to the guilt of the defendant; and under such circumstances, when it is apparent the defendant has had a fair and impartial trial, the verdict will not be disturbed.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. A. B. BUNN, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment, against James Connaghan, for an assault with a deadly weapon, under section 25, chapter 38, Rev. Stat. 1874, p. 355. The jury found the defendant guilty as charged in the second count of the indictment, and the court overruled a motion for a new trial, and assessed a fine of $100 against the defendant.

The fact that Peter Carson was struck with a deadly weapon and severely hurt is not denied, but it is contended that the evidence before the jury leaves the question, whether the blow was struck by the defendant or by the witness, George Smith, in doubt, and hence, it is insisted, the verdict should have been in favor of the defendant. It will not be necessary to enter upon a discussion of the evidence of the various witnesses upon this point. We have, however, examined the evidence closely, and while there is some conflict, yet we have no hesitation in saying it was sufficient to warrant the verdict. Six witnesses at least testify that they saw the defendant strike the blow with the mattock. Other witnesses on the part of defendant testified the other way. It was, therefore, a question purely for the jury to determine, from all the evidence, who spoke the truth. They, with all the witnesses before them, had a better opportunity to determine that fact than we have. Under

such circumstances, where it is apparent the defendant has had a fair and impartial trial, we can not interfere.

But it is claimed, the evidence was such as to raise at least a reasonable doubt in regard to the guilt of defendant. This court has in several cases defined a reasonable doubt to be, one arising from a candid and impartial investigation of all the evidence, and such as in the graver transactions of life would cause a reasonable and prudent man to hesitate and pause: *May* v. *The People*, 60 Ill. 120. If the jury gave credit to the witnesses on behalf of the People, who clearly testified that the defendant struck Carson with a mattock upon the head, when it was considered and compared with the testimony of the defendant, we fail to perceive how they could entertain a reasonable and well founded doubt in regard to the guilt of the defendant. Because there was a conflict in the evidence, it does not necessarily follow that the jury would entertain a doubt.

It is also contended in behalf of defendant, even if it be admitted that he struck Carson with a deadly weapon, yet the verdict was wrong, for the reason that the evidence shows provocation for the assault. We do not regard this position as well taken. It is true, Carson, when the fight commenced, was armed with a "billy," so called, but his arm, with which he attempted to use this weapon, was caught and held by the brother of defendant, and when the defendant afterward made the assault upon Carson with a deadly weapon, he was in no danger whatever of being struck or injured by Carson. Nor could the fact that Carson had in his possession the weapon, be regarded as a sufficient provocation to justify the dangerous assault made by the defendant upon him. So far as is shown by the testimony, up to the time defendant struck Carson upon the head with the mattock, the defendant had received no serious personal injury, nor was he in any apparent danger of receiving personal injury at the hands of Carson, but on the other hand, Carson was powerless, in his then condition, to injure any one. Under such circumstances, it can

not be held that there was provocation sufficient to justify the assault.

It is contended that the court erred in refusing instructions of defendant on the question of provocation.   The instructions are not set out in the abstract, and we conclude this point is not relied upon.   However, upon an inspection of the record, we find that the jury was very fully instructed as to the law on behalf of defendant, and, even if it be true that some of the refused instructions contained correct propositions of law, defendant was not injured by their refusal.

Upon a close examination of the whole record, we find no substantial error.   The defendant appears to have had a fair trial, and we perceive no ground to disturb the judgment.   It will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT dissenting.