STATE, RESPONDENT, *v.* GIBBS, APPELLANT.

CRIMINAL LAW — *Continuance.* — A motion for a continuance in a criminal case, for the purpose of procuring the depositions of absent witnesses, is properly denied, upon the admission of counsel for the State that the witnesses named in the affidavit for such continuance would testify to the facts therein stated if present. (*Territory* v. *Perkins,* 2 Mont. 467; *Territory* v. *Harding,* 6 Mont. 323, affirmed.)

CRIMINAL EVIDENCE — *Perjury — Parol testimony.* — Under an indictment for perjury, parol evidence as to what a witness said in a trial before a justice of the peace is competent where the statute does not require the testimony in such trials to be reduced to writing.

CRIMINAL LAW — *Perjury — Evidence.* — Proof of an *alibi* in a criminal case is material matter, upon which perjury may be assigned.

SAME — *Perjury — Witness — Instruction.* — Upon a trial for perjury, an instruction that "the direct evidence of one witness alone is not sufficient to convict of the crime of perjury, unless corroborated by other facts and circumstances proved on the trial," is not error under section 616 of the Code of Civil Procedure, which provides that the direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact, except perjury and treason.

SAME — *Reasonable doubt — Instructions.* — In the case at bar, the jury were instructed that "by 'reasonable doubt' is meant 'actual, substantial doubt.' It is that state of the case which, after a comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the defendant's guilt, and are fully satisfied of the truth of the charge. It is such a doubt as would cause a reasonable, prudent, and considerate man, in the graver and more important affairs of life, to pause and hesitate before acting upon the truth of the matter charged." *Held,* that the instruction was not prejudicial to the defendant, when considered

*in connection with a previous instruction to acquit "if the jury entertain any reasonable doubt upon any single fact or element necessary to constitute the crime." (Territory v. McAndrews, 3 Mont. 158; Territory v. Owings, 3 Mont. 137, cited.)*

ATTORNEYS — *Argument — Conduct — Prejudice.* — A statement by counsel for the State, while addressing the jury, that one Gray, a witness for the defendant, had threatened to assault him, is not prejudicial to the defendant, where, upon objection, the statement was immediately retracted as untrue and not a part of the evidence.

*Appeal from Eighth Judicial District, Cascade County.*

Conviction for perjury. The defendant was tried before BENTON, J.

*Hoffman & Donovan,* for Appellant.

The affidavit for a continuance cannot be made as strong and beneficial for the defendant as the testimony of the witnesses who are present in court and testifying in the presence and hearing of the jury. The view expressed in *Territory* v. *Harding,* 6 Mont. 331, 332, violates all the principles of criminal jurisprudence, in presuming, if not absolutely declaring the law to be, that every person under indictment or accused of a crime will perjure himself simply for the purpose of having his case continued. The Compiled Statutes, page 456, section 271, does not, either expressly or impliedly, provide for the admission of the allegations of the affidavit, as is provided in section 253, page 121, Compiled Statutes. (See the dissenting opinion of Bach, J., in *Territory* v. *Harding,* 6 Mont. 333.) This is a question upon which the Supreme Court have intimated some doubt. (*Territory* v. *Manton,* 8 Mont. 95.) The court erred in permitting parol evidence of what witnesses swore to in the trial before the justice of the peace. (*O' Connell* v. *State,* 10 Tex. App. 567; *Kellogg* v. *Secord,* 42 Mich. 318.) Even if the testimony had been taken down, it would have been inadmissible. (*People* v. *Bojorquez,* 55 Cal. 463.) In *Territory* v. *Stocker,* 9 Mont. 6, it is held that upon some occasions the magistrate may testify as to certain things that took place before him. (See, also, *Howard* v. *Patrick,* 38 Mich. 795; *Shackleford* v. *State,* 33 Ark. 539; *Finn* v. *Commonw.* 5 Rand. 701; 1 Greenleaf on Evidence [12th ed.], § 163, et seq.; Wharton's Criminal Evidence [8th ed.], § 227, et seq.) The direct evidence of more

than one witness who is entitled to full credit is necessary to prove the fact of perjury. (Comp. Stats. p. 223, § 616.) The above statute is the old common-law rule without any modifications whatever (4 Blackst. Com. 358), and differs from any that we have been able to find under which the modern or relaxed rule in this regard has been adopted. The court in the instruction given only requires the one witness to be corroborated by "facts and circumstances proved on the trial." This instruction would make the slightest corroboration sufficient, which is certainly not the rule. In *State* v. *Raymond*, 20 Iowa, 587, it is said that evidence confirmatory of that one witness, in some slight particulars only, is not sufficient to warrant a conviction. (See, also, *Reg.* v. *Yates*, 1 Car. & M. 132; *Woodbeck* v. *Keller*, 6 Cowen, 118; Wharton's Criminal Law [8th ed.], § 1319; 1 Greenleaf on Evidence [14th ed.], § 257.)

In *State* v. *Buckley*, 18 Or. 228, the Supreme Court of Oregon touches upon this point, and quotes the Oregon statute, which makes the exception of facts and circumstances corroborating the one witness. (So, also, in *Wilson* v. *State*, 27 Tex. App. 47; 11 Am. St. Rep. 180; *State* v. *Howard*, 4 McCord, 159.) In all the cases holding the modified or modern doctrine, this court will find upon examination that the doctrines are based upon some statute peculiar and only applicable to those States.

The court gives three different definitions of what a reasonable doubt is. The first one tells the jury that it is "an actual, substantial doubt." *Second*, that after they have compared and considered all the evidence, if their minds are left in a condition that they cannot say they feel an abiding conviction of the defendant's guilt, and are fully satisfied of the truth of the charge, then that is a reasonable doubt.

This second paragraph was doubtless intended to be a copy, or something similar thereto, of the one found in *Territory* v. *McAndrews*, 3 Mont. 163, but which reads entirely different from the one herein given. The court below ignored what the Supreme Court of Montana, on page 165 of the *McAndrews' Case*, lays down as the correct rule; and in *Territory* v. *Owings*, 3 Mont. 137, the question as to what constitutes a reasonable doubt is the only question in the case, and the court there say moral certainty is the *only certainty* that excludes reasonable doubt.

The third part of this same compound, complicated instruction adopts the rule of "a reasonable and prudent man acting in the graver and more important affairs of life." The very point that Wade, C. J., in the *Owings Case, supra,* says is not sufficient.

The misconduct of one of the attorneys for the State in commenting on matters not in evidence was such that the court should have set aside the verdict and granted a new trial. (*Mitchum* v. *State,* 11 Ga. 611; Bishop's Criminal Procedure, § 311; Proffatt on Jury Trial, § 250; *Cook* v. *Doud,* 14 Colo. 483; *Pierson* v. *State,* 18 Tex. App. 524.) A list of prejudicial statements upon which new trials have been granted can be found in *School Town of Rochester* v. *Shaw,* 100 Ind. 268; *Rudolph* v. *Landwerlen,* 92 Ind. 34; *Hatch* v. *State,* 8 Tex. App. 416; 34 Am. Rep. 751; *Humphrey* v. *State,* 21 Tex. App. 668; *State* v. *Phillips,* 24 Mo. 475; *State* v. *Foley,* 12 Mo. App. 431; *Hall* v. *Wolff,* 61 Iowa, 559; *State* v. *Upham,* 38 Me. 261; *Ackley* v. *People,* 9 Barb. 609; *Knowles* v. *People,* 15 Mich. 413; *Wolffe* v. *Minnis,* 74 Ala. 386; *Brown* v. *Swineford,* 44 Wis. 282; 28 Am. Rep. 582; *State* v. *Caveness,* 78 N. C. 484; *State* v. *Roark,* 23 Kan. 147; Weeks on Attorneys at Law, p. 211, et seq.

*Henri J. Haskell,* Attorney-General, for the State, Respondent.

BLAKE, C. J.— The grand jury of Cascade County, in this State, returned, January 24, 1890, an indictment, charging the appellant with the commission of the crime of perjury. At that time he entered a plea of not guilty, and was tried by a jury at the following May term of the District Court. The transcript has not been carefully prepared by the appellant, and we have been compelled to dismiss this appeal and also re-instate the case for hearing. While we cannot notice all the matters which have been urged in the brief of counsel, we will try to review the rulings of the court below which are properly before us.

It is alleged in the indictment that Frank Gray was tried August 26, 1889, in the Justice's Court of Cascade County, before W. H. Race, a justice of the peace, for the offense of maliciously and unlawfully shooting, August 22, 1889, "four

domestic geese," the property of another; that Gibbs testified as a witness for said Gray, that he was in the city of Great Falls during the afternoon of the last-named day, and saw Gray at different places therein; and that the said Gray and Gibbs were together in a boat upon the Missouri River at the time specified. The testimony which was offered by the respondent upon the trial tended to prove that the crime that was charged against Gray was perpetrated in the afternoon of August 22, 1889, when Gray and Gibbs and two women were in a boat upon the Missouri River, about three miles above Great Falls. Some exhibits concerning the official character of Race, the justice of the peace, and the complaint against Gray, and the record of the proceedings before the magistrate, were offered in evidence, but are not embodied in the transcript. These documents form the foundation of a number of alleged errors, and it was the duty of the appellant to have had them incorporated in the bill of exceptions. The censure which appears in the brief of the appellant relating to the stenographer is undeserved. In the absence of this evidence we cannot determine the validity of the objections that were made to their introduction. The appellant maintains that he was not allowed the time to prepare for his trial which is provided by the statute, as follows: "If the defendant, however, desire, he shall have two days after he makes his plea in which to prepare for trial." (Comp. Stats. third div. § 275.) The plea was entered January 24, 1890, and the trial commenced May 8, 1890, and the position is groundless.

The appellant filed, May 7, 1890, a motion for a continuance of the action to enable him to procure the depositions of three persons. The following proceedings were then had according to the transcript: "Thereupon counsel for the State announced to the court that they would admit that the witnesses named in said affidavit would testify to the facts therein stated if they were present, but reserved the right to impeach the testimony of said witnesses in case they deemed it advisable to do so, and thereupon the court overruled the motion." This action is controlled by the cases of *Territory* v. *Perkins*, 2 Mont. 467; *Territory* v. *Harding*, 6 Mont. 323. We are asked by the counsel for the appellant to reconsider the interpretation of the statutes

which govern the postponement of trials, and have received the thoughtful scrutiny of the Supreme Court of the Territory. No opinions to the contrary are cited, and no new argument is submitted upon this question. Upwards of fourteen years have elapsed since the decision was made in *Territory* v. *Perkins, supra,* and the legislative assembly had the power to change the construction of this law if it had been deemed erroneous. But no legislation of this nature has been enacted. We therefore re-affirm the cases of *Territory* v. *Perkins, supra,* and *Territory* v. *Harding, supra,* upon this proposition.

It is contended that the court had no authority to prescribe the condition that the State should have the right to impeach the testimony of the witnesses who are referred to in the affidavit for the continuance. We do not so understand the ruling. The counsel for the State announced what they intended to do under certain circumstances, and the court did not assent thereto, and could not be bound thereby. But if we take the same view as the appellant, we assert that the respondent declared correctly the law, which allows this privilege without any order of the court.

N. P. Loberg and Hattie Loberg testified in behalf of the State, that they were present as witnesses at the trial of said Gray for the offense of shooting the aforesaid geese before the said Race, as justice of the peace of Cascade County. They also testified regarding the evidence which was then given by both Gray and Gibbs, as well as themselves. This testimony was admitted after the objections of the appellant, that it was immaterial and incompetent, had been overruled by the court. The language of the brief is, "that parol evidence of what a witness said before an examining magistrate is inadmissible," and authorities are cited in support of the contention. The testimony in regard to the proceedings in the Justice's Court does not appear in the record, but the officer entered a final judgment in the action. There is no statute which requires the testimony of witnesses given under the conditions set forth in the transcript to be reduced to writing, and the ruling in this respect was correct. An examination of the issues shows that the evidence was material. In *Wood* v. *People,* 59 N. Y. 117, Mr. Justice Andrews, in the opinion, says: "It must

appear, either from the facts set forth in an indictment for perjury that the matter sworn to and upon which the perjury is assigned was material, or it must be expressly averred that it was material, and the materiality must be proved on the trial or there can be no conviction. A false oath upon an immaterial matter will not support a conviction for perjury." Says Professor Greenleaf, in his work on Evidence: "In proving what the prisoner orally testified, it is not necessary that it be proved *ipsissimis verbis,* nor that the witness took any note of his testimony, it being deemed sufficient to prove substantially what he said, and all that he said, on the point in hand." (Vol. 3 [13th ed.], § 194. See, also, *Commonw.* v. *Grant,* 116 Mass. 17 ; 2 Bishop's Criminal Procedure, § 854.) The effect of the evidence was to prove the circumstances attending the crime, which has been charged against Gray, and the nature of his defense, an *alibi.* In this way the materiality of the testimony upon the trial of Gray is demonstrated.

It is argued that the following instruction is erroneous: "The matters necessary for the State to prove to the satisfaction of the jury beyond a reasonable doubt to authorize you to convict are: . . . . *Seventh,* that such act of perjury has been established to your satisfaction beyond a reasonable doubt by more than one witness, or that the testimony of such witness has been corroborated upon that point by other facts and circumstances proved on the trial. In other words, the direct evidence of one witness alone is not sufficient to convict of the crime of perjury, unless corroborated by other facts and circumstances proved on the trial." The appellant claims that the court ignored the following statute: "The direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact, except perjury and treason." (Code Civ. Proc. § 616.) The instruction seems to be in accord with the modern authorities. In *Commonw.* v. *Butland,* 119 Mass. 317, Mr. Justice Morton, as the organ of the court, said : "It is not necessary that there should be two living witnesses in contradiction of the statement of the defendant to justify a conviction of perjury. It is sufficient if, in addition to one directly opposing witness, corroborating circumstances sufficient to turn the scale and overcome the oath of the defendant and the legal presum

tion of his innocence are proved. (*Commonw.* **v.** *Parker*, 2 Cush. 212.) And where the defendant's statement is contradicted by a witness, who is supported by corroborating circumstances, the evidence must ordinarily be submitted, under proper instructions, to the jury, whose province it is to judge of the weight of such corroborating circumstances." (See, also, 1 Greenleaf on Evidence [13th ed.], § 257, and cases cited; *United States* v. *Wood*, 14 Peters, 430; Law. Co-op. Pub. Co. editor's notes.) A review of the testimony, which is conflicting, would not be instructive.

The appellant insists that the following instruction is erroneous: "By reasonable doubt is meant actual, substantial doubt. It is that state of the case which, after a comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the defendant's guilt, and are fully satisfied of the truth of the charge. It is such a doubt as would cause a reasonable, prudent, and considerate man, in the graver and more important affairs of life, to pause and hesitate before acting upon the truth of the matter charged." This language should be considered in connection with the instruction which was previously given. "In this case the law raises no presumption against the prisoner, but every presumption of the law is in favor of his innocence; and in order to convict him of the crime alleged in the indictment, every material fact necessary to constitute such crime must be proved beyond a reasonable doubt; and if the jury entertain any reasonable doubt, upon any single fact or element necessary to constitute the crime, it is your duty to give the prisoner the benefit of such doubt and acquit him." It is urged for the appellant that the instruction complained of is inconsistent with the rules which have been laid down in *Territory* v. *McAndrews*, 3 Mont. 158, and *Territory* v. *Owings*, 3 Mont. 137. We may remark at this stage our surprise that the learned judge of the court below should seek any other instructions upon this subject than those which have received the careful examination and approval of the Supreme Court of the Territory. This is the most serious question which arises in the case at bar. It is needless to quote length from the cases *supra*, the law which has been held to

be applicable. The appellant did not ask for any instruction upon this branch of the action. The definition of the term "reasonable doubt," which is embraced in the foregoing instruction, has been upheld by the Supreme Court of the State of Illinois in many criminal cases. (*Miller* v. *People,* 39 Ill. 457; *Kennedy* v. *People,* 40 Ill. 488; *May* v. *People,* 60 Ill. 119; *Earll* v. *People,* 73 Ill. 329; *Connaghan* v. *People,* 88 Ill. 460.) In *Hopt* v. *Utah,* 120 U. S. 430, may be found an instruction which embodies expressions like that under consideration, and Mr. Justice Field comments thereon, and refers to the case of *Commonw.* v. *Costley,* 118 Mass. 1. "It was there also said, that an instruction to the jury that they should be satisfied of the defendant's guilt beyond a reasonable doubt, had often been held sufficient, without further explanation. In many cases it may undoubtedly be sufficient. It is simple, and as a rule to guide the jury, is as intelligible to them generally as any which could be stated, with respect to the conviction they should have of the defendant's guilt to justify a verdict against him. But in many instances, especially where the case is at all complicated, some explanation or illustration of the rule may aid in its full and just comprehension. . . . . But an illustration like the one given in this case, by reference to the conviction upon which the jurors would act in the weighty and important concerns of life, would be likely to aid them to a right conclusion, when an attempted definition might fail." Without any further discussion, we conclude that the appellant has not been prejudiced by the instructions.

It is shown by the record that, during the argument of the cause to the jury, the counsel for the State asserted that said Gray had threatened to assault him. When the attorney for the appellant made an objection to this statement, the counsel for the State withdrew the same, "and was willing to admit that it was not a part of the evidence, and that it was not true." The appellant relies upon this conduct of the prosecuting attorney as a ground of error. The action of the officer was improper, but the obnoxious comment was promptly retracted. The courts view with a jealous eye every remark of this nature which is outside of the evidence, and will weigh its possible effect upon the rights of the accused with the jury. "The con-

duct of the argument," say the court in *Coombs* v. *State*, 75 Ind. 215, "is a matter much within the discretion of the trial court, and it is only where there is an abuse of discretion that appellate courts will interfere." (*Norton* v. *State*, 106 Ind. 163; *State* v. *Wilson*, 98 N. C. 736; *State* v. *Degonia*, 69 Mo. 485.) The reference to Gray by counsel would cease to operate upon an intelligent juror after the proceeding referred to had taken place. The interruption of the counsel for the State by the attorney for the appellant, and the immediate retraction of the offensive observation, would be firmly impressed upon his mind, and remove any prejudice which had been created thereby.

We are satisfied that there is no error in the record, and it is therefore ordered that the judgment be affirmed with costs, and that the same be carried into execution as originally entered in the court below.

HARWOOD, J., and DE WITT, J., concur.