HULSE, RESPONDENT, v. NORTHERN PACIFIC RY. CO.
ET AL., APPELLANTS.

(No. 3,197.)

(Submitted February 11, 1913.  Decided February 20, 1913.)

[130 Pac. 415.]

*Personal Injuries — Railroads — Trespassers — Evidence—Self-serving Declarations—Admissibility—New Trial Order—Affirmance, When.*

Appeal—New Trial Order—Affirmance, When.
    1.  An order granting a new trial asked for on the ground of errors of law occurring at the trial will be affirmed if it appear that any such errors of a substantial character were committed.

Personal Injuries—Railroads—Trespassers—Self-serving Declarations—Inadmissibility.
    2.  Self-serving declarations of plaintiff in an action for personal injuries sustained in being run over by a freight train on which he was riding without paying fare, to the effect that he had been pushed off by a brakeman, *held*, not part of the *res gestae* but mere narratives of a past transaction, and therefore properly excluded.

Same—Self-serving Declarations—Rebuttal—Admissibility.
    3.  Defendant's witnesses having testified to a remark made by plaintiff soon after the accident, to the effect that someone had pushed him off the car, but that he did not say that a brakeman had done so, rebuttal testimony that he had made the latter statement was improperly excluded; it was admissible under section 7871, Revised Codes, even though the declaration thus made by him was self-serving.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by A. J. Hulse against the Northern Pacific Railway Company and another.  From an order granting plaintiff a new trial defendants appeal.  Affirmed.

*Messrs. Gunn & Rasch,* for Appellants, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

To permit statements, not otherwise admissible, to be given in evidence under the rule expressed in section 7871, Revised Codes, that when part of a conversation is given in evidence by one party, the whole on the same subject may be inquired into by the other, and when a detached act, declaration, conversation or writing is given in evidence, any other act, declaration, conversa-

tion or writing, which is necessary to make it understood, may also be given in evidence, it must not only be made to appear that statements claimed to have been made are necessary in order that that part which has been introduced may be understood, but it must also be made to appear that they were a part of the same conversation to which other witnesses had testified and made at the same time. And the burden of showing this is upon the party seeking the admission of such statements. (*Platner* v. *Platner,* 78 N. Y. 90; *In re Chamberlain,* 140 N. Y. 390, 37 Am. St. Rep. 568, 35 N. E. 602; *Dean* v. *Dean's Estate,* 43 Vt. 337; *Robinson* v. *Ferry,* 11 Conn. 460; 3 Wigmore on Evidence, par. 2113, subd. b; 1 Encyclopedia of Evidence, 385, 386; 16 Cyc. 1040, 1041.) In the case of *Downs* v. *New York Cent. R. R. Co.,* 47 N. Y. 83, the facts are very similar to those in the case at bar. Evidence had been introduced with reference to statements made by the plaintiff at the time of and soon after the accident as to the cause of his injuries, and for the purpose of rebutting the testimony so given on behalf of the defendant, the trial court, over the objection of the defendant, permitted a witness to be called in rebuttal to testify to statements made by the plaintiff at the time, differing, to some extent, from those testified to by the witnesses for the defendant. The appellate court held that error had been committed in that regard, and reversed the judgment. (See, also, *Nutter* v. *O'Donnell,* 6 Colo. 253; *O'Connor* v. *Padget,* 82 Neb. 95, 116 N. W. 1131; *Hatch* v. *Potter,* 7 Ill. (2 Gill) 725, 43 Am. Dec. 88; *Johnson* v. *Brock,* 23 Ark. 282.)

*Mr. Wellington D. Rankin* submitted a brief in behalf of Respondent and argued the cause orally.

The testimony relative to the statements made by plaintiff as to how he was injured and who pushed him off the train was improperly excluded. (See *Fidelity etc. Co.* v. *Dorough,* 107 Fed. 389, 46 C. C. A. 364; *McGuire* v. *Broadway etc. Ry. Co.,* 62 Hun, 623, 16 N. Y. Supp. 922; *Horne* v. *McRae,* 53 S. C. 51, 30 S. E. 701; *Wells* v. *Gallagher,* 144 Ala. 363, 113 Am.

St. Rep. 50, 3 L. R. A., n. s., 759, 39 South. 747; *Rouse* v. *Detroit Elec. Ry. Co.,* 128 Mich. 149, 87 N. W. 68; *Droege* v. *Baxter,* 77 App. Div. 78, 79 N. Y. Supp. 29; *Gilpin* v. *Gilpin,* 12 Colo. 504, 21 Pac. 612; *Williams* v. *Spokane,* 42 Wash. 597, 84 Pac. 1129; *Conover* v. *Neher-Ross Co.,* 38 Wash. 172, 107 Am. St. Rep. 841, 80 Pac. 283; *St. Louis etc. Ry. Co.* v. *Frazier* (Tex. Civ. App.), 87 S. W. 400; 16 Cyc. 1039.)

The statements and declarations of the plaintiff sought to be elicited from the witness Matheny by plaintiff's various offers of proof, to the effect that a brakeman pushed him off the train, made when the switch engine came to get him at the place where he was injured, should have been admitted in evidence as a part of the *res gestae.* (*Dixon* v. *Northern Pac. Ry. Co.,* 37 Wash. 310, 107 Am. St. Rep. 810, 2 Ann. Cas. 620, 68 L. R. A. 895, 79 Pac. 943.)

In the case of *Travelers' Ins. Co.* v. *Mosley,* 8 Wall. (U. S.) 397, 19 L. Ed. 437, it is said: "The tendency of modern adjudications is to extend rather than to narrow the scope of this doctrine; rightly guarded, in its practical application there is no principle in the law of evidence more safe in its results. There is none which rests on a more solid basis of reason and authority." Contemporaneousness is no longer required. (16 Cyc. 1248; see, also, *Lewis* v. *State,* 29 Tex. App. 201, 25 Am. St. Rep. 720, 15 S. W. 642; *Johnson* v. *State,* 8 Wyo. 494, 58 Pac. 761; *Harriman* v. *Stowe,* 57 Mo. 93.) It seems that the question whether a statement or declaration is a part of the *res gestae* is within the judicial discretion of the trial court. (*Pilkinton* v. *Gulf etc. Ry. Co.,* 70 Tex. 226, 7 S. W. 805; *Pledger* v. *C. B. & Q. Ry. Co.,* 69 Neb. 456, 95 N. W. 1057; *Commonwealth* v. *McPike,* 57 Mass. (3 Cush.) 181, 50 Am. Dec. 727; 16 Cyc. 1250.) The whole matter of the admissibility of the declarations sought to be elicited from the witnesses Grotz and Matheny being within the discretion of the trial judge, it is proper for this court to assume that a judicial discretion was exercised, and that the trial court determined that the declaration alleged to be part of the *res gestae* should have been admitted in evidence.

The cases cited by counsel for appellants are all cases where the conversations were distinctly different conversations, and of course it is necessary that the conversation be the same in order that the testimony should be introduced explaining the prior conversation.

MR. JUSTICE SANNER delivered the opinion of the court.

On March 21, 1911, the respondent, A. J. Hulse, with others, was riding on one of appellant company's freight trains en route from Missoula to Helena without paying fare. When the train had reached a point about half a mile west of Helena he was in some manner cast beneath its wheels and run over, sustaining the injury which is the basis of this action. The issue of fact was whether he had been pushed off by the brakeman while the train was in motion. The case was tried to the district court sitting with a jury, and the verdict was for the appellant. On motion of respondent the verdict was set aside and a new trial awarded; hence this appeal.

The motion for new trial was submitted to the district court [1] upon the ground of errors of law occurring at the trial. If it appear that any such errors of a substantial character were committed, the order must be affirmed. (*Monson* v. *La France Copper Co.*, 43 Mont. 65, 114 Pac. 778; *Harrington* v. *Butte etc. Ry. Co.*, 36 Mont. 478, 93 Pac. 640; *Gillies* v. *Clarke Fork Coal Co.*, 32 Mont. 520, 80 Pac. 370; *State* v. *Schnepel*, 23 Mont. 523, 59 Pac. 927.)

The exceptions noted in the record challenge the propriety of the rulings below in two respects: (1) The exclusion from respondent's case in chief of certain declarations by him, to the effect that the brakeman had pushed him off; and (2) the exclusion of substantially the same evidence in rebuttal.

1. The declarations were self-serving, and the theory on which [2] it was sought to have them admitted in chief is that they were part of the *res gestae*. To this we cannot assent. Without elaboration, it will suffice to say that the declarations in question were merely statements or narratives of a past trans-

action and within the rule against hearsay.   (*State* v. *De Hart,* 38 Mont. 211, 99 Pac. 438; *Poindexter & Orr L. St. Co.* v. *Oregon Short Line Ry. Co.,* 33 Mont. 338, 83 Pac. 886; *State* v. *Tighe,* 27 Mont. 327, 71 Pac. 3; *State* v. *Pugh,* 16 Mont. 343, 40 Pac. 861.)   The order granting a new trial cannot be sustained for error in this regard.

2. In rebuttal it was sought to prove by the witnesses Matheny, Grotz and Ward that respondent said a brakeman had pushed him off.   As to Matheny, the evidence was properly refused, since the declaration to be elicited from him was fixed at a time and place for which there was no foundation in the appellant's case. [3] As to Grotz and Ward, the condition is different.   For the appellant the witnesses Porter, Gardiner and Wilson had testi- fied to the effect that, after respondent had been taken to the baggage-room, some conversation occurred in which the respond- ent stated in effect that, as the train was coming into town and as he was getting out of the car, some one of his companions in the car pushed him and he fell.   On cross-examination Porter further testified that the respondent did not say a brakeman pushed him off; and Gardiner and Wilson testified that the re- spondent did not say who pushed him.   We are satisfied that there was but one conversation in the baggage-room.   The tes- timony of Grotz and Ward, therefore, was admissible as part of that conversation (Rev. Codes, sec. 7871; 1 Ency. of Evidence, p. 385), and as a contradictory version of it.   (*Fidelity & Casualty Co.* v. *Dorough,* 107 Fed. 389, 46 C. C. A. 364; *Carver* v. *United States,* 164 U. S. 694, 41 L. Ed. 602; 17 Sup. Ct. Rep. 228; *O'Keefe* v. *Eighth Ave. R. Co.,* 33 App. Div. 324, 53 N. Y. Supp. 940; *St. Louis etc. Co.* v. *Frazier* (Tex. Civ. App.), 87 S. W. 400.)   The way for it having been opened in appellant's case, its admissibility in rebuttal was not affected by the fact that the declaration was self-serving.

The trial court was in better position to appreciate the value of this testimony than we are.   In view of what appears in the record, it does not seem to have been of very much importance; but its exclusion was error, and we cannot say that the trial

court was guilty of a graver error in the effort to correct it.
The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY
concur.

