STATE, RESPONDENT, *v.* SHOWEN, APPELLANT.

(No. 4,758.)

(Submitted June 4, 1921.   Decided June 27, 1921.)

[199 Pac. 917.]

*Criminal Law—Selling Intoxicating Liquor—Trial—Continuance — Absent   Witnesses — Affidavit — Insufficiency — Jury — Selection — Detectives — Evidence — Admissibility.*

Criminal Law—Trial—Absent Witnesses—Continuance—Insufficient Affidavit.
1.   An affidavit, filed on the day set for trial, in support of a motion for a continuance on the ground of the absence of witnesses, which fails to disclose the date upon which such witnesses left the state, is insufficient.

Same—Trial—Continuance—Affidavit—Contents.
2.   An affidavit of the character of the above must disclose specifically the facts expected to be proved by the absent witnesses, and set forth that if such witnesses were present they would testify to those facts; the general statement that, if present, they would testify to facts material to affiant's defense being insufficient.

Same—Trial—Continuance—Cumulative Evidence—Affidavit—Contents.
3.   An affidavit of the nature above, must also disclose that the facts which defendant expects to prove by the absent witnesses cannot be proved by other witnesses available at the trial; since a continuance for the purpose of obtaining evidence which would be merely cumulative need not be granted.

Same—Trial—Continuance—Discretion.
4.   Granting or refusing a continuance of the trial of a criminal case rests in the sound discretion of the court, and unless the record shows an abuse of discretion, its action will not be interfered with on appeal.

---

2.   Avoiding continuance in criminal case by admitting proposed testimony of absent witness, see note in Ann. Cas. 1913C, 488.

**Same—Preparation for Trial—Time—Sufficiency.**

5. Under section 9237, Revised Codes, the defendant is entitled to at least two days to prepare for trial; therefore where he had seven months from the day of entry of his plea to the day of trial for preparation, he had no cause for complaint in this regard.

**Same—Selection of Jury—Recourse to Jury-box No. 3—When proper.**

6. In a criminal prosecution, where the regular panel of jurors had been so far depleted that a sufficient number did not remain from which to obtain a jury, and a sufficient number could not be obtained otherwise without great delay and expense, the court did not err in directing a special venire drawn from jury-box No. 3 to complete the jury.

**Same—Selection of Jury—When Recourse to Special Venire not Improper.**

7. Where the record discloses that defendant did not exhaust his peremptory challenges and that he was accorded a fair trial, the contention that the court erroneously excused members of the regular panel, making recourse to a special venire necessary, is without merit, unless, by rejecting qualified persons, the necessity of accepting others not qualified had been purposely created.

**Same—Detectives—Evidence—Admissibility.**

8. Testimony of detectives employed by a county to ferret out violations of the prohibition law and to secure evidence upon which to base prosecutions was admissible; the credibility and weight to be given it being matters for consideration by the jury, to whose attention the fact of their employment and the terms thereof had been brought by cross-examination.

*Appeal from District Court, Fergus County; Jack Briscoe, Judge.*

HARLEY SHOWEN was convicted of selling intoxicating liquors, and appeals from the judgment and an order denying his motion for a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Charles J. Marshall,* for Appellant.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for Respondent; *Mr. Foot* argued the cause orally.

8. Competency and weight of testimony of private detective, see notes in Ann. Cas. 1917A, 589; 67 L. R. A. 923.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of selling intoxicating liquor for beverage purposes, and appealed from the judgment and from an order denying his motion for a new trial.

The information was filed September 3, 1919. On April 14, 1920, the cause was set for trial for April 19. On the latter date the defendant moved for a continuance on the ground of the absence of witnesses, and in his affidavit set forth that his father and mother were then in the state of Missouri; that they "were with affiant all of the time alleged in the information on file herein, and know positively that affiant did not sell any intoxicating liquors at said time to any person whatever." This is the nearest approach to a definite statement of facts to which the absent witnesses would testify, if present. The information charges that the offense was committed on or about the twenty-second day of July, 1919. The evidence offered by the state tended to prove the sale of liquor by defendant occurred just before 12 o'clock midnight on July 21. When the motion for a continuance was presented, the county attorney announced that the state would admit that, if the absent witnesses were present, they "would testify that at the times stated in the information, the twenty-second day of July, 1919, that the defendant did not sell any intoxicating liquors to any person at all." The motion was denied, and error is predicated upon the ruling.

1. The affidavit is altogether insufficient to require the court [1] to postpone the trial. (a) It fails to disclose the date upon which the absent witnesses left the state of Montana. The defendant entered his plea on September 9, 1919. If the witnesses were then absent, the application should have been made at that time. Section 9238, Revised Codes, provides: "At the time the defendant makes his plea to an indictment or information he must notify the court of his desire for a postponement of the trial to some particular day, or for the term, and must file his affidavit, showing good cause therefor,

within such time as the court may grant." Section 9241 provides: "If neither the defendant nor the state notify the court at the time the defendant pleads of a desire for a postponement, they shall not be entitled to make the application thereafter for any cause which existed at that time, and of which the party making the application had knowledge, or could have had knowledge; any application made after that time must be for cause which arose, or had come to the knowledge of the applicant, since the making of the plea." (b) The affidavit [2] does not state specifically any facts to which the absent witnesses would testify. It is not sufficient that the affiant state generally that the witnesses, if present, would testify to facts material to his defense. He must disclose specifically the facts expected to be proved by the absent witnesses, and that if such witnesses were present they would testify to those facts. (16 C. J. 501.) The reason for the rule is obvious. If the specific facts are set forth, the opposing party may avoid the continuance by admitting that the witnesses, if present, would testify to the facts stated in the affidavit. (*Territory* v. *Perkins*, 2 Mont. 467; *Territory* v. *Harding*, 6 Mont. 323, 12 Pac. 750; *State* v. *Gibbs*, 10 Mont. 213, 25 Pac. 289.) (c) The affidavit is insufficient in that it fails to disclose [3] that the facts which defendant expected to prove by the absent witnesses could not be proved by other witnesses available at the trial. (*People* v. *Lang*, 142 Cal. 482, 76 Pac. 232; 16 C. J. 504.)

The defense interposed is in the nature of an *alibi*. In other [4] words, the defendant contends that he was not at his place of business (where the sale is alleged to have been consummated) at or near the time of the alleged sale, as stated in the testimony of the state's witnesses. Apparently the only purpose which could have been served by a continuance would have been to permit the defendant to secure the testimony of his father and mother to the effect that he was at his own home continuously throughout the night of July 21 after 10 o'clock. The defendant, his wife, and two other witnesses,

Fredrickson and Romley, testified substantially to that fact. The evidence sought to be obtained from the absent witnesses would be but cumulative, and for this reason also the court did not err in its ruling. (13 C. J. 154.) Granting or refusing a continuance of the trial of a criminal case rests in the sound discretion of the court, and, since the record fails to show an abuse of discretion in this instance, we are not at liberty to interfere. (*State* v. *Howard,* 30 Mont. 518, 77 Pac. 50.)

Defendant complains also that he was not given ample time [5] to prepare for trial. As observed before, his plea was entered September 9, 1919, more than seven months before the cause was set for trial. We are not disposed to listen with much patience to this complaint. Section 9237, Revised Codes, provides: "After his plea, the defendant is entitled to at least two days to prepare for trial."

2. Exception is taken to the manner in which the jury was [6] selected to try this case. It appears from the record that the regular panel of jurors had been so far depleted that a sufficient number did not remain from which to obtain a jury for the trial of this cause, and that a sufficient number could not be obtained otherwise without great delay and expense. The court thereupon directed a special venire drawn from jury-box No. 3, and from the number summoned and from those remaining of the regular panel the jury was drawn. This complaint likewise is without merit. Section 6357, Revised Codes, provides: "If a sufficient number of trial jurors, duly drawn and notified, do not attend or cannot be obtained in the opinion of the court, without great delay or expense to form a jury, the court may, in its discretion, direct the clerk to draw from box No. 3 in the presence of the court, the names of as many persons as the court deems sufficient for that purpose."

"Trial juries for criminal actions are formed in the same manner as trial juries in civil actions." (Sec. 9234, Rev. Codes; *State* v. *Pippi,* 59 Mont. 116, 195 Pac. 556.) The rec-

[7]  ord discloses that the defendant did not exhaust his peremptory challenges and that he was accorded a fair trial. If, as counsel contends, the court erroneously excused members of the regular panel, the record fails to show that defendant was injured thereby. "No party can acquire a vested right to have a particular member of the panel sit upon the trial of his cause until he has been accepted and sworn. It is enough that it appear that his cause has been tried by an impartial jury. It is no ground of exception that, and against his objection, a juror was rejected by the court upon insufficient grounds, unless, through rejecting qualified persons, the necessity of accepting others not qualified has been purposely created." (*State* v. *Rodriguez,* 23 N. M. 156, L. R. A. 1918A, 1016, 167 Pac. 426.)

3. It is true, as counsel contends, that the state's case rests [8] upon the testimony of two detectives employed by the county to ferret out violations of the prohibition law and to secure evidence upon which to base prosecutions. The fact that these witnesses were so employed, as well as the particular terms of their employment, were all laid bare before the jury by the cross-examination conducted by defendant's counsel. The witnesses were not rendered incompetent by reason of their being detectives. Their credibility and the weight to be given to their testimony were matters for consideration by the jury. (40 Cyc. 2654.) If the story told by them is true, the defendant's guilt is established by ample evidence, and the verdict is conclusive of the fact that the jury did believe them.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES REYNOLDS and COOPER concur.

MR. JUSTICE GALEN (Concurring Specially): I concur, but in doing so cannot refrain from expressing opinion that evi-

dence by detectives, such as was introduced and relied upon by the state in this case, should be viewed and received with greatest caution and in cases where it appears that the law would not have been violated but for the inducement, encouragement and deception practiced by a decoy, resulting in the entrapment of the accused, such testimony, standing alone, is of questionable sufficiency to warrant a conviction. Each case, however, must be weighed and considered with respect to the facts before the court, and in this case it sufficiently appears from the record that the defendant was in fact engaged in bootlegging.

As applied to the instant case, I fully subscribe to the language used in the case of *Smith* v. *State*, 61 Tex. Crim. 328, 135 S. W. 154, as follows: "This manner of instituting prosecutions against the citizenship of the state and inducing them to commit crime is to be deplored. While it is eminently proper that officers should be diligent in ferreting out crime and violations of the law, yet it does not occur to us that the theory of our law is predicated upon the idea that men should be induced to violate the law in order that a prosecution may be brought about."

As stated in the majority opinion, the widest latitude is, and should be, allowed on cross-examination of such witnesses, and in the case before us was accorded the defendant.