HUNT, RESPONDENT, *v.* VAN, APPELLANT.

(No. 4,555.)

(Submitted October 31, 1921. Decided November 28, 1921.)

[202 Pac. 573.]

*Assault and Battery—Damages — Excessive Verdict — Trial—Continuance—Discretion — Instructions — Abstract Rules of Law—Witnesses—Collapse on Stand—Effect on Jury—Presumptions.*

Trial—Continuance—Discretion—Review.

    1. A motion for a continuance on the ground of the absence of a witness is addressed to the discretion of the trial court, its action not being reviewable on appeal in the absence of an affirmative showing of prejudice to the movant.

Same—Continuance—Affidavits—Insufficiency.

    2. Affidavits for a continuance not showing when the subpoena for an absent witness was issued, why it was sent to the sheriff of a county other than that of the residence of the witness, or that there was probability or possibility that his personal attendance or deposition could be procured at a date later than that set for trial, were insufficient to show in overruling the motion.

Same—Abstract Rules of Law—Instructions—When not Reversible Error.

    3. The giving of an instruction embodying an abstract rule of law, though erroneous, is not ground for reversal if sufficient qualification and explanation thereof is found in other instructions so that when read together and as a whole it appears that the issues were fully and fairly submitted to the jury.

Same—Assault and Battery—Collapse of Plaintiff (a woman) on Witness-stand—Effect on Jury—Presumptions.

    4. Unless the record affirmatively discloses that the collapse of a witness (plaintiff, a woman) on the witness-stand, in an action for damages for assault and battery, was prearranged and intended as a fictitious appeal to the jury to secure an unfair advantage, it will be presumed on appeal that the verdict was properly arrived at, uninfluenced by any extraneous matter.

Assault and Battery on Woman—What not Excessive Verdict.

    5. *Held,* that a verdict for $3,000 as damages for assault and battery committed on a woman was not so excessive as to warrant the granting of a new trial on the ground that the jury was influenced by passion and prejudice in arriving at it.

    3. Abstract proposition of law stated in instruction without applying same to facts of case as reversible error, see note in **Ann. Cas.** 1915D, 1128.

    5. Adequacy or excessiveness of verdict in action for assault and battery, see notes in 16 **Ann. Cas.** 46; Ann. Cas. 1913A, 1380; **Ann. Cas.** 1916B, 393, 451.

*Appeals from District Court, Prairie County; George P.*
*Jones, Judge.*

ACTION by Mrs. Effa Evelyn Hunt against Oliver Van to
recover damages for assault and battery. From a judgment
for plaintiff, and from the order denying defendant's motion
for a new trial, defendant appeals. Affirmed.

*Mr. T. M. Murn* and *Messrs. Loud & Leavitt,* for Appel-
lant, submitted a brief; *Mr. Charles H. Loud* argued the cause
orally.

While the courts hold that the question of whether or not
a verdict is excessive must be determined from a considera-
tion of the facts and circumstances of each particular case,
yet we understand that ordinarily in the determination of
this question the courts will resort to a consideration of the
cases from other jurisdictions wherein verdicts under similar
facts have been set aside as being excessive. As illustrating
what the courts of other jurisdictions have regarded as ex-
cessive verdicts in assault cases, we cite the following cases:

In *Hennies* v. *Vogel,* 87 Ill. 242, an assault on a woman
with a hatchet, a verdict of $1700 was held to be excessive.
In *Goetz* v. *Ambs,* 27 Mo. 28, a verdict of $2,000 held exces-
sive. In *Turton* v. *New York Recorder,* 3 Misc. Rep. 314, 22
N. Y. Supp. 766, a case for damages for ejection from a
ferry-boat and assault, a verdict of $1,500 was held to be
excessive. In the case of *Roades* v. *Larson,* 50 N. Y. St. Rep.
551, 21 N. Y. Supp. 855, a verdict of $5,000 was held to be
excessive and the plaintiff was required to remit $3,000 of
this amount. In the case of *St. Peter* v. *Iowa Telephone Co.,*
151 Iowa, 294, 131 N. W. 2, a verdict of $2,000 was held to
be excessive, and it was ordered that one-half of that amount
be remitted. In *Kehl* v. *Burgener,* 157 Ill. App. 468, a case
in which a woman was assaulted by a man, the verdict of $1,000
was held to be excessive and was reduced to $600. The case
of *Matson* v. *Matson,* 105 Me. 152, 73 Atl. 867, was an assault

case and the injuries as shown were as severe as those sustained by the plaintiff in the case at bar. Verdict was reduced to $300. In *Whitlock* v. *Northern Pac. Ry. Co.*, 59 Wash. 15, 109 Pac. 188, a verdict of $1,000 was reduced to $500. In *Zimmerman* v. *Northern Pac. Ry. Co.*, 157 Wis. 514, 147 N. W. 1039, the assault was with a club and the plaintiff was severely injured. A verdict of $1,200 was held excessive and reduced to $500.

The case of *Rees* v. *Rasmussen*, 5 Neb. (Unof.) 367, 98 N. W. 830, was an action for an assault and the injury received was a fracture of one of the bones of plaintiff's arm. There, as in the case at bar, no permanent injury was shown. A verdict of $1,025 was held to be excessive and the defendant in error was required to remit the sum of $350. In *Birmingham R. etc. Co.* v. *Ward*, 124 Ala. 409, 27 South. 471, there was slight bodily injury, and additionally mental suffering and humiliation caused by abusive language. A verdict of $1,450 was held to be excessive. In *Dancey* v. *Grand Trunk R. Co.*, 19 Ont. App. 644, a verdict of $1,000 was held to be excessive and was reduced to $500. This court has held that while the amount of damages to be awarded is largely in the discretion of the jury, this discretion is not unlimited or to be exercised arbitrarily. (*De Celles* v. *Casey*, 48 Mont. 568, 139 Pac. 586.)

*Mr. Geo. W. Farr* and *Mr. Jos. C. Tope*, for Respondent, submitted a brief; *Mr. Tope* argued the cause orally.

This court has held that no hard-and-fast rule can be established for allowing a maximum compensation in personal injuries cases, and that each case must depend upon the facts and circumstances surrounding the same; that the amount to be awarded is to be left to the discretion of the jury, and that the damages so awarded, even if comparatively large, will not be held determinative of an abuse of such discretion unless so disproportionate to the injury complained of as to shock the moral senses. (*Lewis* v. *Northern Pac. Ry.*

*Co.,* 36 Mont. 207, 92 Pac. 469; *Chenoweth* v. *Great Northern Ry. Co.,* 50 Mont. 481, 148 Pac. 330; *Chicago Title & Trust Co.* v. *O'Marr,* 25 Mont. 242, 64 Pac. 506.)

The supreme court of Arizona held in the case of *Hageman* v. *Vanderdoes,* 15 Ariz. 312, Ann. Cas. 1915D, 1197, L. R. A. 1915A, 491, 138 Pac. 1053, that "The mere fact that the amount of the verdict exceeds our idea of the proper sum recoverable under the evidence, if such should be the fact, is not sufficient to justify the court in annulling the verdict." In this same case, which was one for damages for an assault, the court held that a verdict of $6,500 was not excessive. The injury inflicted to the plaintiff in the case above cited was in no degree as great as that of the injuries the plaintiff in the case at bar received.

In the case of *Clark* v. *Aldenhoven,* 26 Colo. App. 501, 143 Pac. 267, $2,500 was held not to be excessive for an assault. In *Winston* v. *Terrace,* 78 Wash. 146, 138 Pac. 673, a case for threatening a woman with a revolver and ordering her out of a house, a verdict of $2,000 was held not excessive. In the case of *Fitch* v. *Huff,* 218 Fed. 17, 134 C. C. A. 31, an assault case, $3,000 was held not excessive. In *Schafer* v. *Ostmann,* 172 Mo. App. 602, 155 S. W. 1102, an assault case, $2,400 was held not excessive.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

Plaintiff below brought action against the defendant, alleging that on or about June 1, 1917, the defendant did "wrongfully, violently, and maliciously" commit an assault and battery upon her, to her damage in the sum of $5,000. Answer was a general denial. Verdict and judgment were in favor of plaintiff for $3,000. Defendant's motion for a new trial was denied, and the cause is here by appeal from both the judgment and the order denying the motion.

Appellant's specifications 1 and 2 assign as error the order [1, 2] of the court refusing to grant his motion for a con-

[61 Mont. 395.]

tinuance. The ruling upon such motion must be guided by the discretion of the court, and its action in that regard is not subject to review, in the absence of an affirmative showing of prejudice by the unsuccessful party (sec. 6729, Rev. Codes; *Downs* v. *Cassidy,* 47 Mont. 471–475, Ann. Cas. 1915B, 1155, and cases cited, 133 Pac. 106); nor is that diligence disclosed in the affidavits for continuance which is indispensable, in that it does not appear when the subpoena was issued for the absent witness, why the subpoena was sent to the sheriff of Custer, instead of Dawson county, why it was not served or returned when later sent to the deputy sheriff of Dawson county, nor was it claimed there was either possibility or probability that the personal attendance of the witness or his deposition could be procured at any later date. There was no error in the ruling. (*Meredith* v. *Roman,* 49 Mont. 204, 215, 141 Pac. 643.)

Over appellant's objection, the court instructed the jury [3] that: "You are instructed that every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily harm or from personal insult." The giving of abstract rules of law, such as this, has been condemned by this court, but, though erroneous, is not cause for reversal, provided sufficient qualification and explanation thereof is found in other instructions, so that when read together and as a whole it appears the issues were fully and fairly submitted to the jury. We think this requirement was met in other instructions. (*Surman* v. *Cruse,* 57 Mont. 253, 187 Pac. 890.)

Specifications 4 and 5 assigning error in refusal of the court to give certain instructions offered by defendant are without merit, since it appears their substance was amply covered in other instructions. (*Surman* v. *Cruse, supra.*)

Error is predicated upon the conduct of the plaintiff in [4] open court, it being claimed that her display of nervousness and "collapse" in the presence of the jury prevented defendant from having a fair trial. We know of no power or

rule of law by which the court is enabled to control the emotions of parties to a trial in court, and in the absence of some affirmative disclosure that the "collapse" was pre-arranged and intended as a fictitious appeal to. the jury, and to secure an unfair advantage, this court must presume that the verdict was found in accordance with the evidence and law given by the court and uninfluenced by any extraneous matter.

The last contention of appellant is that the court erred in [5] its refusal to grant a new trial because of the excessiveness of the verdict. Within the limits fixed in the pleadings it is the province of the jury to name the amount. There must, of course, in all cases, be substantial evidence to support the award of the jury. In actions founded upon a contractual relation, where the actual damages can be arrived at by computation, a verdict exceeding the amount disclosed by the evidence to be recoverable will be set aside and· a new trial ordered, unless remission of the excess is made by the prevailing party. And likewise in tort, where the sum fixed by the jury is unconscionable, or it is evident from the proof of the injury sustained that the jury must have been influenced by passion and prejudice, a new trial may be granted, unless the successful party remit a portion of the recovery fixed by the verdict. This court said, in *Jones* v. *Shannon*: "There is no standard of measurement by which to determine the amount of damages to be awarded, other than the intelligence of the jury, made up of impartial men governed by a sense of justice. To the jury, therefore, is committed the exclusive task of examining the facts and circumstances of each case and valuing the injury and awarding compensation in the shape of damages. 'The law that confers on them this power, and exacts of them the performance of the solemn trust, favors the presumption that they are actuated by pure motives. It therefore makes every allowance for different dispositions, capacities, views, and even frailties in the examination of heterogeneous matters of fact, where no criterion can be ap-

[61 Mont. 395.]

plied; and it is not until the result of the deliberations of the jury appears in a form calculated to shock the understanding, and impress no dubious conviction of their prejudice and passion, that courts have found themselves compelled to interpose.' (1 Graham & Waterman on New Trials, p. 451)." (*Jones* v. *Shannon,* 55 Mont. 225, 237, 175 Pac. 882, 886.)

It is not contended by appellant that the evidence does not support a finding for damages in some amount, but it is strenuously urged that the sum fixed is so far in excess of fair compensation for the injury sustained as to be unconscionable and to establish passion and prejudice of the jury in arriving at the amount. With this we cannot agree. We think the evidence of the plaintiff justified a finding for substantial damages, that the sum found is not unconscionable, and therefore we are without authority to order a reduction in the amount.

We find no error in the record to warrant a reversal, and therefore recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*