LEHMAN & CO., Appellant, *v.* SKADAN et al., Defend-
ants; MUNGER, Respondent.

(No. 6,610.)

(Submitted January 23, 1930.  Decided February 5, 1930.)

[284 Pac. 769.]

554

*Mr. E. K. Cheadle,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Ralph J. Anderson,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Charles Lehman & Co., a corporation, sued to recover from H. P. Skadan and Fred R. Munger an amount alleged to be due as rental on a building in Lewistown. Skadan was not served with process, and did not appear; Munger appeared by general denial.

The cause was set for trial on June 10, 1929, and thereupon plaintiff moved the vacation of the setting on the ground that no proper jury panel was in attendance; this motion being denied, plaintiff moved for a continuance on the ground of the absence of a material witness, and, on the overruling of this motion, challenged the array; the challenge was denied, and on June 17 the cause was tried to a jury selected from the jurors in attendance. Plaintiff has appealed from the judgment on verdict in favor of defendant Munger. The questions hereinafter discussed are raised by proper assignments of error.

1. The jury term began on February 14, 1929. The jurors in attendance June 17 were those remaining after the court had, from time to time, excused jurors from the panel constituted by drawings as follows: January 24, seventy-five names from jury-box No. 1; March 14, fifteen names from jury-box No. 3; April 25, thirty names from box No. 1; and May 6, thirty names from box No. 3. Of the 150 jurors drawn but twenty-one remained on June 17; five from the first drawing, two from the second, six from the third, and the remainder from the last. All but one were residents of the county seat, and that one resided near by, and his postoffice address was Lewistown.

It is contended that this condition defeated the intendment of the law that litigants shall not be compelled to try their cases to jurors from one locality.

The supplementing of the regular panel by drawings from box No. 3 at a time when no jury is being selected is, under certain circumstances, permissible, and the jurors so drawn are qualified for the trial of future cases. (*Lee* v. *Hayden,* 63 Mont. 589, 208 Pac. 596; 35 C. J. 283.)

All of the jurors summoned were regularly drawn and impaneled, and, it is stipulated, all jurors excused were "regularly" excused. The court declared, in denying the challenge, that they were all excused "for sufficient cause," and no showing is made to the contrary.

No trouble was experienced in getting a jury, and it does not appear that a different result would have been reached by

a jury differently constituted; but it is asserted that the situation was the same as though the court had arbitrarily excused the jury panel and drawn a new one from box No. 3, which is not permissible. (*Hanley* v. *Northern Pac. Ry. Co.*, 66 Mont. 267, 213 Pac. 235.) If the situation here presented was, as intimated, brought about by a deliberate plan on the part of the judge to hold only those jurors residing at the county seat, in the interest of economy and convenience, however desirable such an arrangement might be, we would unhesitatingly hold that the plaintiff's rights were violated, but the record does not warrant such an inference. Jurors were excused "for sufficient cause" from time to time throughout a long jury term of more than four months, and it is well known to those having experience in such matters that jurors residing at a distance, and especially farmers, are more insistent on being excused than are those who may remain at home and attend to private business while not actually engaged in the trial of cases, and that, toward the end of a long term, the court will find the panel depleted of such juror, unless he exercise his discretion with extreme caution. The most that can be said here is that, perhaps, the trial judge lent too sympathetic an ear to recited woes of his jurors from the agricultural districts. We recommend that, in the future, he "hardeneth his heart" against excuses, earnestly urged, but too often lacking in merit, to the end that such a situation may not again arise.

As noted above, the jurors were regularly drawn and impaneled, and were as much a regular panel as though they came from all parts of the county, and, as we must presume in the absence of a showing to the contrary that official duty has been regularly performed (sec. 10606, subd. 15, Rev. Codes 1921), we must assume that the situation resulted from unavoidable accident, and not from an abuse of discretion.

Litigants are not entitled to have their cases tried before particular jurors (35 C. J. 299) or jurors selected from a panel drawn at a particular time; their rights in this respect being sufficiently protected if a fair and impartial jury was

drawn in the manner provided by law (*State* v. *Vuckovich,* 61 Mont. 480, 203 Pac. 491).

2. Plaintiff's motion for a continuance was based upon the affidavit of Austin Warr, trustee for plaintiff at the time the controversy arose, in which he represents that Skadan is a necessary witness for plaintiff by whom he expects to prove that the lease in suit was entered into by Munger. It is then recited that affiant has made diligent search and inquiry, and was unable to learn of Skadan's whereabouts until June 8, 1929, when he was informed that Skadan might be found at Lusk, Wyoming, whereupon he wired Skadan, but received no reply, but verily believes that, if the case is continued for the term, he could be produced at the next term.

It is apparent that Warr could, and did, testify to all that Skadan could have related had he been present. A continuance need not be granted for the purpose of obtaining evidence which would be merely cumulative. (*State* v. *Showen,* 60 Mont. 474, 199 Pac. 917.)

Further, as the action was commenced in 1925, tried in 1927, appealed and sent back for a new trial in 1929 (*Lehman & Co.* v. *Skaden,* 84 Mont. 283, 274 Pac. 1067), and no attempt was made to secure the attendance of Skadan, other than the sending of a telegram which remained unanswered, the court may well have determined that affiant had neither shown diligence nor the probability that the witness could be produced at a later date. On the record we cannot say that the court abused its discretion in denying the motion. (*Hunt* v. *Van,* 61 Mont. 395, 202 Pac. 573.)

3. Warr, having testified that Munger had leased a building and conducted a restaurant business therein for four years prior to the period covered by plaintiff's claim, testified that Munger came to him and told him, in the absence of Skadan, that Skadan was going to run the business for him (Munger) thereafter. This Munger denied; his version was that he told Warr that he had "gone broke," and could no longer run the business, but that his cook, Skadan, would take it over if Warr would take him as a renter, and he (Munger)

would lease the fixtures to Skadan, and that, on Warr's agreeing, he leased the fixtures to Skadan. In corroboration of this testimony, the court admitted, over plaintiff's objection, the recorded lease from Munger to Skadan and a chattel mortgage given by Skadan to a third party on goods used in the business, also recorded. Plaintiff asserts that the admission of these exhibits constituted error. They were properly admitted for what they were worth as evidence.

4. In 1924 action was begun against Skadan and plaintiff ▮ to abate the premises for alleged violation of the prohibition laws. For the avowed purpose of showing the period during which the place was closed under these proceedings, although it claimed rental during that period, plaintiff offered in evidence the injunction order and order dismissing the proceedings. Defendant objected, and, on the objection being overruled, offered the files in the proceedings as a whole; the files were admitted. Plaintiff contends error was committed. The papers were, however, admissible under section 10515, Revised Codes of 1921. Having opened the door by introducing a part of the record, the plaintiff was in no position to prevent the defendant from introducing the whole record showing that Munger was not a party to those proceedings and to contradict the impression given that he took some part in the proceedings. (*Hulse* v. *Northern Pac. Ry. Co.*, 47 Mont. 59, 130 Pac. 415.)

Finding no reversible error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and FORD concur.