BAATZ, RESPONDENT, *v.* NOBLE, APPELLANT.

(No. 7,678.)
(Submitted May 25, 1937. Decided June 15, 1937.)
[69 Pac. (2d) 579.]

60

*Messrs. Cooper, Stephenson & Glover,* and *Mr. W. T. Boone,* for Appellant, submitted a brief; *Mr. R. H. Glover* argued the cause orally.

*Mr. Louis P. Donovan, Mr. Donovan Worden,* and *Mr. John L. Campbell,* for Respondent, submitted a brief; *Mr. Donovan* and *Mr. Worden* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff instituted this action to recover damages for personal injuries sustained while a guest in an automobile of, and while it was being driven by, the defendant. The parties to the action

on the morning of March 3, 1935, left Great Falls, Montana, for Seattle, Washington, in a Plymouth sedan. Other passengers in the car were the brother and young son of the defendant. They stopped at Helena for a few minutes, secured some gas, and proceeded toward Missoula. At a point some 9 miles east of Missoula, on highway No. 10, they encountered a series of rough spots in the highway, causing the driver to lose control of his car which overturned, whereby plaintiff was injured.

Plaintiff's allegation as to negligence was as follows: "The defendant drove said automobile at a reckless speed of approximately seventy miles per hour and in a grossly negligent manner, and by reason of defendant's grossly negligent and reckless operation of said automobile, defendant recklessly and negligently caused the said automobile to overturn upon said highway," and thereby caused injuries to the person of the plaintiff. The answer denies negligence on the part of the defendant and that it was the cause of plaintiff's injuries. Affirmatively, contributory negligence on the part of plaintiff was pleaded, upon which issue was joined by reply.

A trial of the cause to the jury resulted in a verdict of $5,000 in favor of the plaintiff. Judgment was entered in conformity with the verdict. Motion for new trial was made, heard, and denied. The appeal is from the judgment.

The action is within the purview of our guest statute, sections 1748.1 to 1748.3, inclusive, Revised Codes. By appropriate and timely motions and objections, as well as by sufficient specifications of error, some five general contentions are made by the defendant, namely: (1) Insufficiency of the evidence to justify the submission of the cause to the jury on the question of gross negligence; (2) contributory negligence on the part of plaintiff; (3) excessive verdict; (4) errors in instructions; (5) insufficiency of the complaint as to allegation of gross negligence.

The road on which the accident occurred was an oiled road. The oiled portion was 18 feet wide, and from shoulder to shoulder it was 24 feet in width. At the point of the accident the road was straight for a distance of 2,400 feet. Commencing from the crest of a hill at the east end of such portion of the road, it

sloped at a grade of 5 per cent., to the base of the hill, a distance of 900 feet. Approximately 100 feet from the base of the hill was rough area in the oiled portion of the road, extending for a distance of 150 feet; the easterly end of this area contained depressions or holes 10 to 12 inches in diameter, and at the westerly end of this area was a hole from 6 to 8 feet in length across the center of the oiled portion of the road, and from 2 to 3 feet in width, and from 6 to 8 inches in depth. These holes were places where the traffic had broken through the oiled surface material down into the base lying thereunder. The day previous a maintenance crew had filled these holes with loose gravel, which fast-moving automobiles would remove from these depressions. Danger flags were placed close to the oiled surface on the shoulders at the side of the road, one at each end of the rough spots. The flag on the east end was at least 100 feet from the rough spots; the top of the flag was 2 feet 6 inches above the surface of the surrounding ground, and the flag, about 1 foot square. The average speed of the car from Helena to Missoula was in excess of 50 miles an hour. Plaintiff testified that the speed of the car was about 60 miles per hour; that as the automobile approached this rough area it did not slow down; that the automobile hit the large hole, jumped up and down, went out of control, proceeded for a short distance, and turned over. Another witness testified that he observed the car passing over the rough portion of the road at a speed of from 45 to 50 miles per hour; that from the movement of the car it was indicated to the witness that it was weaving around in an effort to avoid the small holes. The accident happened in the daytime, between noon and 1 o'clock. Plaintiff testified that he saw the rough spot and the warning flags.

Testimony is found in the record tending in some degree to weaken some of the foregoing statements of fact, but where, as here, we are reviewing the orders denying motions for nonsuit and directed verdict, we must view the evidence in the light most favorable to the plaintiff. (*Mellon* v. *Kelly,* 99 Mont. 10, 41 Pac. (2d) 49.)

As against the attack here made, the record must contain some substantial evidence tending to prove that the plaintiff's injuries were caused directly and proximately by the gross negligence and reckless operation of the automobile by the defendant. (*Nangle* v. *Northern Pac. Ry. Co.,* 96 Mont. 512, 32 Pac. (2d) 11; *Cowden* v. *Crippen,* 101 Mont. 187, 53 Pac. (2d) 98, 103.)

Defendant in support of his contention has invited our attention [3] to a number of decisions from the courts of Iowa, Michigan, and elsewhere construing gross negligence statutes to mean willful and wanton misconduct. We carefully considered the decisions from these jurisdictions adhering to this rule, in our deliberation on the *Nangle Case,* and specifically referred to several of them in our opinion. We there declined to follow decisions which thus construed statutes similar to our own, and likewise declined to follow decisions from courts refusing to recognize the existence of degrees of negligence. We are not disposed to depart from our views on this subject expressed in the *Nangle Case.*

The mere happening of an accident, standing alone, is not proof of negligence. (*Cowden* v. *Crippen,* supra.) On the question of speed, standing alone as establishing negligence, we have said in the *Crippen Case:* "The exact rate of speed is of little importance. The pertinent question is whether the speed, whatever it may have been, was so excessive as to affect defendant's control over his car under the conditions which actually existed at that particular time and place, or as they reasonably appeared to defendant to exist. This is clearly the import of section 1742 [Revised Codes]."

We have these facts in the record here: Danger signs placed on the side of the road in the usual and customary places, which the defendant did not see but could have seen, and dangerous places in the road which he could see, and, from the movements of his car apparently in an attempt to avoid small holes, it may be reasonably inferred that he did see the dangerous places, but did not slow down on approaching them; con-

tinued at a rate of speed not substantially less than his usual speed on good roads. No two cases are exactly alike, but we held in the *Nangle Case* that it was properly submitted to the jury. We see no essential distinguishing features between the two cases. Hence we are impelled to, and do, decide that this case properly went to the jury on the question of gross negligence.

The argument in support of the contention that plaintiff was guilty of contributory negligence, as a matter of law, is based upon the fact that he testified he saw the danger signals and the rough places in the road and did not protest to defendant relative to the rate of speed in approaching this place of danger. We approve the ruling of this court as declared in the case of *Marinkovich* v. *Tierney,* 93 Mont. 72, 17 Pac. (2d) 93, 98, wherein it was said: "The primary duty of caring for the safety of the vehicle and those riding in it rests upon the driver; a mere gratuitous passenger should not be held guilty of contributory negligence as a matter of law, until he in some way actively participates in the negligence of the driver, or is aware of the incompetence or carelessness of the driver, or knowing that the driver is not taking proper precautions while approaching a place of danger, fails to warn or admonish the driver. (*Black* v. *Martin,* above [88 Mont. 256, 292 Pac. 577]; *Laird* v. *Berthelote,* 63 Mont. 122, 206 Pac. 455)." Here the rule declared in *Grant* v. *Chicago, M. & St. Paul Ry. Co.,* 78 Mont. 97, 252 Pac. 382, does not apply, as therein the car was approaching a railway crossing with which the guest was familiar, a known place of danger.

The plaintiff was long familiar with the operation of automobiles. He had observed the driving of the car by the defendant prior to the accident, and as a result he testified he thought defendant was a careful driver. The rate of speed at which they were progressing was such that at best a very short interval of time after plaintiff observed the danger was available to him in which to register his protest. In *Wise* v. *Stagg,* 94 Mont. 321, 22 Pac. (2d) 308, 310, we said: "Generally, the question of

contributory negligence is one of fact for the determination of the jury. It is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law. (*Mullins* v. *City of Butte*, 93 Mont. 601, 20 Pac. (2d) 626.)'' Applying the rules of this decision to the facts in this case, we are unable to say, as a matter of law, that plaintiff was guilty of contributory negligence, and accordingly the question was properly submitted to the jury.

It is contended that the verdict of $5,000 is excessive. The plaintiff was seventy-four years old at the time he was injured. There was no proof as to loss of earnings as a result of the injuries, and the jury was instructed not to consider this element of damage. The doctor and hospital bills incurred by the plaintiff as a result of the injuries sustained amounted to the sum of $790.10. Dr. Thornton testified as to plaintiff's injuries: ''When I first saw him he was in a semi-conscious condition. * * * He remained in that condition practically a week. * * * He had a large scalp wound and bruises over various parts of his body and was covered with blood. · * * * He had bled profusely from wounds; he was covered with blood. He had a scalp wound about seven inches long; a large part of the bone was exposed and a crack running transversely across his head; it was not depressed. * * * It was easily discernible through the wound at that time; you could see it. Its extent was about four inches—three and a half to four inches. He had bruises over him in various parts of the body and tenderness in the spine and legs. His principal complaint afterwards was of pain in his chest. * * * So far as the spine is concerned, at that time, the spine outline was apparently normal. I didn't find any fractures of the spine at that time; the X-ray didn't show any, but it is difficult to tell in an early X-ray, for traumosis sets in later on. Symptoms of the kyphosis or curving of the spine are delayed, that's called Kuemmel's Disease. * * * As to the condition of the spine now, the fifth and sixth dorsal vertebrae are in a state of ankylosis, and that is a condition that will remain permanent. * * * Anky-

losis, that is, the vertebrae having grown together, is the usual condition resulting when a situation of that sort arises from injuries. That is nature's way of taking care of the injury resulting to the vertebrae. So far as the back is concerned, the fusing or joining together of those vertebrae press on nerves more or less and is liable to produce considerable pain. His spine condition is one that ordinarily remains throughout the lifetime. * * * I feel that he will suffer more or less pain as long as he lives as a result of these injuries.'' The plaintiff testified that he lost 75 pounds in weight, three inches in height, suffered a new rupture, and still suffers from dizzy spells as a result of the accident.

With reference to the contention that the verdict is excessive, we said in the case of *Coolidge* v. *Meagher,* 100 Mont. 172, 46 Pac. (2d) 684, 686: ''There is no legal yardstick by which compensation for pain and suffering or bodily injuries may be measured (*McNair* v. *Berger,* 92 Mont. 441, 15 Pac. (2d) 834); the matter lies peculiarly within the province of the jury, and the award must of necessity depend upon the peculiar facts of the individual case (*Sullivan* v. *City of Butte,* supra [87 Mont. 98, 285 Pac. 184]; *Wise* v. *Stagg,* 94 Mont. 321, 22 Pac. (2d) 308, 309; *Hunt* v. *Van,* 61 Mont. 395, 202 Pac. 573). 'So long as we have a system which confides to juries the duty to determine the issues involved in this character of cases and to fix the amount of compensation to be paid, unless the result of their deliberation is such as to shock the conscience and understanding, it must be accepted as conclusive.' (*Autio* v. *Miller,* 92 Mont. 150, 11 Pac. (2d) 1039, 1045; *Fulton* v. *Chouteau County Farmers' Co.,* 98 Mont. 48, 37 Pac. (2d) 1025.)'' While the award here was generous, it was not such, on the record, as to shock the conscience of the court and will not be disturbed on appeal.

It is urged that the complaint was insufficient as to the allegations of gross negligence. The question of the sufficiency of the complaint was raised for the first time on motion for nonsuit after the testimony of plaintiff's case had been received in evidence. The only allegation of negligence was that

of excessive speed. The evidence as to the existence of the danger signs, the ability of the driver to see them, and likewise with reference to his ability to observe the dangerous condition of the road was all admitted without objection, some of which was developed upon cross-examination by the defendant. If this evidence was not properly admissible under the allegations contained in the complaint, the pleading will be deemed amended at the trial if in that respect it be necessary to affirm the judgment under the provisions of section 9191, Revised Codes. (*Baker* v. *Union Assur. Soc. of London,* 81 Mont. 281, 264 Pac. 132.)

Counsel urge that, applying the rules set forth in the case of *Linney* v. *Chicago, M., St. Paul & Pac. Ry. Co.,* 94 Mont. 229, 21 Pac. (2d) 1101, the allegations of the complaint are insufficient. It is unnecessary for us to repeat what we there said, but if the allegations of the complaint in question should present a parallel condition to that which obtained in the *Linney Case,* the allegation herein would be substantially as follows: ''That the defendant negligently and recklessly operated his automobile.'' We have heretofore quoted the allegations of the complaint in this opinion on the question of gross negligence, and it will be seen that they did not come within the ruling of the *Linney Case,* particularly since we deem the complaint amended to conform to the proof, as we must under the state of the record where it appears that the evidence was admitted without objection.

Lastly it is contended that the court committed error in its instructions to the jury. The first instruction complained of relates to permitting the jury to consider the failure of the defendant to heed warning signals on approaching a rough and dangerous piece of road in determining whether defendant was guilty of gross negligence. In the light of what we have said with reference to the sufficiency of the complaint, this contention must fail. It is asserted that the instruction on the question of contributory negligence was error. We have carefully considered the instruction and are unable to see wherein it

departed from the rule announced by this court in the case of *Marinkovich* v. *Tierney,* supra. Cases such as *Sherris* v. *Northern Pac. Ry. Co.,* 55 Mont. 189, 175 Pac. 269, and *Grant* v. *Chicago, M. & St. Paul Ry. Co.,* supra, do not here apply, as in both those cases the automobile in which the guest was riding was approaching a railway crossing, a known place of danger. We see no error in this instruction.

Judgment affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, MORRIS and ANGSTMAN concur.

Rehearing denied June 21, 1937.