KAREN RATZBURG, Plaintiff and Respondent, v. JILL L. FOSTER, Defendant and Appellant.

No. 10804

Submitted December 9, 1964. Decided January 27, 1965.

398 P.2d 458.

Berg, O'Connell & Angel, Charles F. Angel (argued), Bozeman, for appellant.

Aronow & DeGrandpre, Cedor Aronow and Robert G. Anderson (argued), Shelby, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendant, Jill L. Foster, from a verdict and a judgment in favor of plaintiff, Karen Ratzburg, in the sum of $10,000. It is an action to recover damages for injuries sustained by the plaintiff while riding as a guest passenger in a Dodge truck owned by the defendant's father and operated by the defendant. The case was tried to a jury before the Honorable W. W. Lessley of the Eighteenth Judicial District of Montana.

The appellant and respondent at the time of the accident were students at Montana State College. Appellant was a senior and was the big sister of respondent freshman in a social sorority. On the day of the accident, May 25, 1962, the young ladies had been riding around in a 1956 Dodge pickup belonging to appellant's father, but being used by her at school. After some shopping in the afternoon they started out of town up what is known as the Bridger Canyon Road. There was no particular reason for the journey other than joyriding, and as they rode they were discussing school grades and a party that the sorority was about to give. The day was overcast but the road was dry. Several miles outside the city limits of Bozeman, while driving on a paved road, the vehicle struck a bridge causing serious facial injuries to the plaintiff. The evidence introduced at the trial developed these facts: The truck was traveling from 30 to 40 miles an hour on a straight road; there was nothing wrong with the truck; the road was some 28 feet wide with a sloping four-inch drop from the road to the shoulder; the truck had crossed one bridge;

the appellant for some reason took her eyes off the road long enough for the truck to wander off the paved road onto the shoulder for some 57 feet before hitting the second bridge; the truck struck the bridge front center of the truck; the appellant testified that she had taken her eyes off the road while moving something from the seat of the truck; her description of what occurred is as follows:

"Well we crossed the first bridge here and as we had been discussing before, Karen was trying to get the reception in the radio and we decided that between the seat would be the best place where we could get the reception the best so we decided to move all the debris or whatever we had on the seat between us down on the floor and we were both moving this down on the floor, and I glanced up and there was the bridge and I had no time to apply the brakes or anything. I remember screaming something like, 'Look out, we're going to hit the bridge!' or something, but so far as any other recollection, I don't know."

Concerning the award of damages in the amount of $10,000 the appellant makes no objection conceding at the time of argument that said award is not excessive in view of the injuries suffered.

While the appellant sets forth some 12 specifications of error the case was argued and we will consider them in three general questions:

(1). Was the jury properly instructed on the issue of gross negligence?

(2) Does the evidence show grossly negligent operation of the vehicle in question by defendant (appellant)?

(3) Does the evidence show plaintiff (respondent) to have been guilty of contributory negligence as a matter of law?

Again this court is asked to look beyond the decisions of this court for what the appellant contends is a better definition of "gross negligence" than we have provided in previous cases. We have in earlier guest cases defined "gross negligence" as

"the failure to use slight care." Batchoff v. Craney, 119 Mont. 157, 172 P.2d 308; Carter v. Miller, 140 Mont. 426, 372 P.2d 421; Holland v. Konda, 142 Mont. 536, 385 P.2d 272.

In addition to giving the approved instruction on "gross negligence," the trial judge instructed the jury on what constitutes "ordinary negligence." The respondent contends that having done so the district court properly followed the law in Montana. The court gave the following instructions.

"You are instructed that, in this case, the burden of proof is upon the plaintiff to establish her case by a preponderance of the evidence, and in this connection, the *plaintiff is required to prove, first, that the defendant was guilty of some act of grossly negligent and reckless operation of a motor vehicle,* as elsewhere defined in these instructions, second, that said *gross negligence and recklessness,* if any, proximately caused damage to the plaintiff as proximate cause is defined by these instructions, and third, the amount of damages, if any, sustained by the plaintiff.

"You are further instructed that, if the plaintiff has failed to establish her case by a preponderance of the evidence, or if the evidence is equally balanced so that you cannot determine upon which side it preponderates, your verdict must be for the defendant.

"Should you find for the plaintiff, your verdict must not exceed the amount sued for."

"The burden is on a Defendant alleging the defense of contributory negligence to establish by a preponderance of the evidence in the case, the claim that the plaintiff was at fault and that such fault was a proximate cause of any injuries which Plaintiff may have sustained."

"You are instructed that under the Montana Guest Law, the owner or operator of a motor vehicle shall not be liable for any damages or injuries to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, nor for any damages to such passengers or persons parent or guardi-

an, *unless damage or injury is caused directly and proximately by the grossly negligent and reckless operation by him of such motor vehicle.*"

"You are instructed that gross negligence is the failure to *use slight care.*"

"You are instructed that ordinary negligence is the failure to exercise ordinary care, that is, such care as ought to be expected under similar circumstances.

*"Ordinary negligence is the failure to do what a reasonable and prudent person would ordinarly have done under the circumstances, or would not have done under the circumstances.*

"The jury are instructed that the phrase 'ordinary care' as used in these instructions, means the *exercise of that degree of care and caution which a reasonably prudent person would have exercised under the same circumstances of the particular case.*

"The proximate cause of an injury is that cause which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, and without which the injury would not have occurred." (Emphasis supplied.)

It is the appellant's contention that nowhere in the court's instructions was the jury told that "gross negligence" is something more than "ordinary negligence" which term was defined for them as a failure to observe a particular defined standard of conduct. Too, that the term "slight care" was not defined for them; that in failing to define slight care each juror was left with his or her own idea of what constituted slight care and whether or not the defendant failed to exercise same.

Appellant offered an instruction which she contends had it been given, this fatal gap in the court's instructions would have been rectified and the jury would have been properly instructed. The offered instruction was:

"You are instructed that gross negligence and reckless operation, in operating a motor vehicle, is defined and means conduct in fact that is something more than ordinary negligence,

526

as the term has been defined to you. Therefore, in order to receiver, the plaintiff must prove that by the preponderance of the evidence that the defendant was guilty of negligence in excess of ordinary negligence.''

While not disapproving the proposed instruction, in view of above referred to instructions given by the court, we cannot find that the court erred in refusing to give this instruction. The instructions given correctly stated appellant's duty to respondent.

Concerning the second position of the appellant that the evidence did not show appellant guilty of gross negligence and reckless operation of the vehicle, we believe this a matter settled by the triers of fact, the jury.

Under the instructions given the case could be properly decided by the jury. Appellant's contention that a momentary inadvertence or inattention was not gross negligence or recklessness is for the jury to decide. Most certainly, in a case where high speed is involved, momentary inadvertence or inattention may become gross negligence. To say in this case, that under the facts presented, reasonable men would come to another conclusion defies the facts. Momentary inadvertence with a bridge approaching is as reckless as speed. A jury has found gross negligence.

Last, but not least, appellant contends that the evidence shows plaintiff guilty of contributory negligence. With this contention of appellant we disagree for generally the question of contributory negligence is one of fact and is determined by the jury. As this court has said before, ''it is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law.'' Baatz v. Noble, 105 Mont. 59, 69 P.2d 579; Mullins v. City of Butte, 93 Mont. 601, 20 P.2d 626; Wyant v. Dunn, 140 Mont. 181, 368 P.2d 917; Green v. Wolff, 140 Mont. 413, 372 P.2d 427.

Court's Instruction No. 11 concerning contributory negligence was as follows:

"A mere gratuitous passenger, such as the plaintiff, Karen Ratzburg Beyrodt, is not guilty of contributory negligence until she in some way actively participates in the negligence of the driver * * *." This is a correct statement of the law and therefore no error. Mullins v. City of Butte, supra; Baatz v. Noble, supra.

Judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, DOYLE and ADAIR concur.